Argued December 7, 1964, affirmed February 17, 1965

SPEARS, Admx. et al v. LAWRENCE SECURI-
TIES, INC. et al, HARRIS et al

399 P. 2d 348

*Thomas G. Greene,* Portland, argued the cause for

appellants. With him on the brief was Howard R. Lonergan, Portland.

*James H. Clarke,* Portland, argued the cause for respondents. With him on the brief were Koerner, Young, McColloch & Dezendorf and Herbert H. Anderson, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

Plaintiffs purchased a security which was sold in violation of the Oregon Blue Sky Law in that the security was not registered with the Corporation Commissioner. Plaintiffs sued for the purchase price pursuant to ORS 59.250. The proceeding against the corporate defendants was stayed by the bankruptcy court. A verdict was directed against the four appealing defendants. The question is, are these defendants persons who are liable as a matter of law for the purchase price? The answer lies in the interpretation of the Oregon Blue Sky Law. ORS 59.010 et seq.

ORS 59.250(1) provides:

"* * * the person, issuer or dealer making such sale and every director, officer or agent of the seller, if such director, officer or agent with knowledge of the violation personally participated or aided in any way in making it, shall be jointly and severally liable * * *."

The above statute makes two classes of persons liable: (1) persons who sold the security (2) directors, officers or agents of the seller if such persons (a) had knowledge of the violation, (b) and personally participated in the sale or aided in making the sale.

■ Defendants Showalter and Moore, acting as representatives of Lawrence Securities, Inc., sold the security issued by such corporation to plaintiffs. We hold that these defendants are liable as "person[s] making such sale," as used in ORS 59.250(1).

Defendants contend that salesmen are not included in such class; that only those selling their own securities are included in such class. There are no decisions from other jurisdictions having comparable statutes interpreting this phrase. Defendants rely upon *Cochran v. Nelson*, 26 Wash2d 82, 173 P2d 769 (1946). That was a treble damage action brought pursuant to the Emergency Price Control Act against an auctioneer. "Seller," as used in that Act, was construed to mean the owner of the goods sold. However, an interpretation of that Act is not persuasive of the interpretation of the phrase, "person * * * making such sale," as that phrase is used in the Oregon Blue Sky Law.

In *Adamson v. Lang*, 236 Or 511, 516, 389 P2d 39 (1964), we held that this statute should be "liberally construed to afford the greatest possible protection to the public." We held that one who did not own the security and who did not participate in the actual sale, nevertheless, was a "person * * * making such sale."

The statute imposes liability on the salesman, issuer or dealer without proof of any fact other than the making of the sale. Other specified persons, "director, officer or agent," of the seller are also liable even if they did not fall within the phrase, "person * * * making such sale," if they personally participated or aided in making the sale and if they had "knowledge of the violation."

Defendants Alan Henry and Harold McEwen were officers and directors of Lawrence Securities, Inc.,

and owned all the stock in both companies. We find the evidence uncontradicted that these defendants "personally participated or aided in any way in making" the sale to plaintiffs. McEwen supplied the brochure and sales letter sent by Showalter to plaintiffs. McEwen had the advertisement, which resulted in plaintiffs' original inquiry, placed in the newspaper. Showalter and Moore sold, subject to the directions of McEwen.

Alan Henry examined the proof of the sales brochures and approved the contents. He and McEwen gave Showalter the information about Lawrence Securities and how it operated. Both Henry and McEwen told Showalter what to tell sales prospects.

■ We further hold that defendants Alan Henry and McEwen, as a matter of law, acted "with knowledge of the violation." It is admitted that they knew the security was not registered. Defendants contend this is not enough; they contend that it also must be shown that they knew that the law requires such security to be registered.

Oregon and Iowa are the only states which have this provision, "with knowledge of the violation." 3 Loss, Securities Regulation (2d ed), 1638. California imposes criminal liability upon persons who "knowingly" sell stock in violation of the California Corporate Securities Act.

"* * * we disapprove of any intimation which may be drawn from the language of the last paragraph of the opinion, to the effect that the good faith of defendants with respect to the necessity of securing a permit for the sale of the security is a matter of defense." *People v. Rubens,* 11 Cal App2d 576, 591-592, 54 P2d 1107 (1936). Accord, *People v. Sidwell,* 27 Cal2d 121, 162 P2d 913 (1945).

Kansas had no provision requiring knowledge of the violation, but the defense of lack of knowledge was raised in a Blue Sky case. Kansas rejected such contention, observing:

"* * * If an agent, in making or helping to make an illegal sale, were protected from punishment by lack of personal knowledge of his principal's want of legal authority, the evasion of the statute would be so easy as to deprive it of much of its practical effect. * * *" *Weisendanger v. Lind,* 114 Kan 523, 220 P 263, 265 (1923).

■ The Oregon statute does provide some protection for those persons not directly making the sale by making the proof of their knowledge of the violation a condition of liability. In line with our policy of construing the statute "to afford the greatest possible protection to the public" (*Adamson v. Lang,* supra), we hold that such knowledge is established by proof that the person knew the security was unregistered and it is not necessary, in addition, to prove that the person knew that the law required the security to be registered. As between innocent purchasers and those who participate in the sale of securities they know to be unregistered, the burden of determining the necessity of registration should be placed upon the latter.

Judgment affirmed.

PERRY, J., did not participate in the decision of this case.