Argued September 6, affirmed October 23, 1968

GONIA ET UX, *Appellants, v.* ESTEP ET AL, *Respondents.*

446 P. 2d 114

*Robert G. Danielson,* Sweet Home, Oregon, argued the cause for appellants. With him on the brief were McFarlan & Danielson.

*Clifford N. Carlsen,* Portland, argued the cause for respondents. With him on the brief were King, Miller,

Anderson, Nash & Yerke, and Douglas M. Ragen, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

O'CONNELL, J.

This is an action for the recovery of the amount paid by plaintiffs on the purchase of securities alleged to have been sold in violation of the Oregon Blue Sky Law. The trial court sustained defendants' demurrer to plaintiffs' complaint and upon plaintiffs' failure to plead over judgment was entered dismissing plaintiffs' complaint.

Defendants were the attorneys for the person who sold the securities to plaintiffs. The complaint alleges that defendants "aided, abetted and participated in the sale of said securities by initiating the escrow with Citizens National Bank of Eugene, Oregon, the correct name being Citizens Bank; drafting escrow agreement; drawing up articles of limited partnership for Life Insurance Securities; preparing assumed business name filing for Life Insurance Securities and taking same to the Oregon Corporation Commissioner; preparing and filing articles of incorporation for Life Securities, Inc.; preparing affidavit for John Leatherman regarding the filing of said assumed business name ＊ ＊ ＊."

Plaintiffs contend that the foregoing allegation is sufficient to charge defendants with a violation of ORS 59.250 which provided as follows:

"(1) Every sale made in violation of any of the provisions of the Oregon Securities Law shall be void; and the person, issuer or dealer making such sale and every director, officer, or agent of the

seller, if such director, officer or agent with knowledge of the violation personally participated or aided in any way in making it, shall be jointly and severally liable to the purchaser in an action at law in any court of competent jurisdiction upon the tender of the securities sold   *   *   *."[1]

Plaintiffs' complaint does not allege that defendants had knowledge that the securities with respect to which they were performing legal services would be sold in violation of the Blue Sky Law. Although the term "aid and abet" in some context might convey the thought that the abettor had knowledge of the unlawful scheme being perpetrated, the complaint in the present case does not purport to use the term as signifying defendants' connivance with others in the unlwaful sale of securities. Rather, it is simply a statement that defendants performed certain acts preliminary to the sale which are then set out specifically. The acts of participation recited in the complaint consisted solely of the preparation of documents and other services normally performed by a lawyer for his client. Looking at the language in the original complaint and the manner in which the original complaint was amended in response to the order to make it more definite and certain, it is apparent that plaintiffs were not attempting to allege that defendants had knowledge of the violation of the Blue Sky Law.

And on appeal the same approach is taken in plaintiffs' brief. Plaintiffs rely upon *Adamson v. Lang,* 236 Or 511, 389 P2d 39 (1964) as if it held that one may be liable under the statute for participating in a sale even though he has no knowledge that the Blue

---

[1] ORS 59.250 was substantially changed by Oregon Laws 1967, ch 537, but the amendment was not made operative with respect to rights previously arising.

Sky Law was being violated. *Adamson* does not so hold. We said there that "the jury could have reasonably found that defendant loaned the money to Lang [the seller of the stock] for the purpose of circumventing the conditions imposed by the corporation commission upon Lang * * *." (236 Or at 517.) This clearly imports the defendant's knowledge of the violation of the statute.

In the present case plaintiffs, not having alleged defendants' knowledge of the violation, failed to state a cause of action based upon the violation of ORS 59.250. The demurrer was, therefore, properly sustained.

The judgment of the trial court is affirmed.