**Charles DIJULIO et al.**

**v.**

**DIGICON, INC. et al.**

**Civ. No. 70–1182.**

United States District Court,
D. Maryland.

April 27, 1971.

Eugene v. Chircus and John E. Dees, Jr., Baltimore, Md., for plaintiffs.

S. Nelson Weeks and Miles & Stockbridge, Baltimore, Md., for defendant William Blair & Co.

THOMSEN, District Judge.

Alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, plaintiffs have sued Digicon, Inc., nine executive officers and/or directors of Digicon, eight of whom are also sued as selling shareholders, an accounting firm, the managing underwriter and the 70 underwriters named in the prospectus.

Jurisdiction and venue are claimed under § 22(a) of the 1933 Act, 15 U.S.C. § 77v(a) and § 27 of the 1934 Act, 15 U. S.C. § 78aa. No defendant has questioned jurisdiction or venue except William Blair & Company (Blair), one of the underwriters, which has filed a motion to quash service of process and to dismiss.

Plaintiffs concede that their right to sue Blair [1] in Maryland depends upon the construction and applicability of § 22(a) of the 1933 Act, which provides in pertinent part:

"The district courts of the United States, and the United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. * * *"

Blair has not been served personally in Maryland, none of its partner-members is a citizen or resident of Maryland, it has no office in Maryland, it does not transact business in Maryland in the ordinary sense of that term, and none of the shares which were allocated to it under the Purchase Contract were sold or offered for sale by it in Maryland.

On the other hand, Blair was listed as a member of the underwriting group in the prospectus which was made a part of the registration statement filed with the Securities and Exchange Commission, effective June 13, 1969, and filed with the Division of Securities of the State

---

I. As distinguished from some of the other defendants.

of Maryland effective on that date.[2] Under §§ 4(3) and 5(b) (2) of the 1933 Act, 15 U.S.C. §§ 77d(3) and 77e(b) (2), any dealer selling or offering to sell Digicon stock during the next 90 days[3] was required to deliver a copy of the prospectus to the purchaser. For the purposes of this motion, it is not disputed that sales of Digicon stock to the named plaintiffs were made in Maryland by the Baltimore office of Francis I. DuPont, A. C. Allyn, Inc. (DuPont), a dealer and one of the underwriters, during the 90 day period after June 13, 1969, and copies of the prospectus were delivered to such plaintiffs.

Section 11(a) (5) of the Act, 15 U.S.C. § 77k, provides in pertinent part:

> Section 11 (§ 77k). *"Civil liabilities on account of false registration statement*
>
> "(a) In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue—
>
> " *   *   *
>
> "(5) every underwriter with respect to such security."

Plaintiffs allege in their First Cause of Action that defendants, including Blair and the other underwriters, failed to disclose material facts in the prospectus (which was made a part of the Registration Statement) necessary to make the statements therein not misleading in violation of §§ 11(a), 12(2), 17(a) (1)

and 17(a) (2) of the Securities Act of 1933, thus causing damages to those plaintiffs who purchased without knowledge of such omissions. The Second and Third Causes of Action allege other violations of those sections, with the same claimed result.

As noted above, § 22(a) of the 1933 Act permits suit to be "brought in the district where the offer or sale took place, if the defendant participated therein". The question, therefore, is whether Blair "participated" in the sales made to plaintiffs in Maryland by DuPont (a dealer and one of the underwriters) during the 90 day period after the effective date of the Registration Statement, during which the dealer was required to deliver a copy of the prospectus to each purchaser, because (1) Blair was one of the underwriters of the issue and/or (2) a prospectus listing Blair as an underwriter[4] was delivered to the plaintiffs as required by law.[5]

Blair argues that the Registration Statement shows that the underwriters agreed, severally and not jointly, to purchase from Digicon and the selling stockholders the number of shares set opposite their respective names. That is true, but the Registration Statement, including the prospectus, was prepared and filed for the use and benefit of all the underwriters. All members of the underwriting group are subject to certain liabilities under the 1933 Act for the specified period of time regardless of which underwriter actually made the sale. It is also true, as Blair argues, that plaintiffs must satisfy the venue requirements, both statutory and constitutional.

The industry of counsel has discovered no case precisely in point. But the courts have noted the liberal character of the venue provision with which we

---

2. Section 10(a) (1) and Schedule A(5) of the 1933 Act, 15 U.S.C. §§ 77j(a) (1) and 77aa(5), require that the names and addresses of the underwriters be contained in the prospectus.

3. The period is 90 days, rather than 40 days, because securities of the issuer had

not previously been sold pursuant to an effective registration statement.

4. See fn. 2, supra.

5. As required by §§ 4(3) and 5(b) (2) of the 1933 Act.

are dealing. E. g., in Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300, at p. 302 (2 Cir. 1968), cert. den., 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125, the Court said:

"* * * Recognition of the probable multi-defendant character of securities suits was doubtless an important reason for the liberal venue provisions of § 22(a) of the 1933 Act and § 27 of the 1934 Act, in contrast to the restrictive requirement of the general venue statute, § 51 of the Judicial Code of 1911, 36 Stat. 1087, 1101, whereby federal question actions could be brought only in the district of which the defendant was an inhabitant. See also § 50. * * *"

Blair cites Rosenberg v. Globe Aircraft Corporation, 80 F.Supp. 123, at p. 125 (E.D.Pa.1948), where the Judge said: "I am of the opinion that the filing of the registration statement without more, is not participating in a sale". But in that case there was no allegation or showing that *any* sales had been made in the district where the action was brought, and that was the basis of the ruling.

In Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955), a purchaser of the bonds of a bridge commission sought recission and damages under the 1933 and 1934 Acts from the co-underwriters of the bonds, including Schweser Company, a Nebraska securities firm, along with a New York dealer, an engineering firm, the individual who sold the bonds to the plaintiff, and others. Denying a motion to dismiss filed by Schweser Company and another, Judge Irving Kaufman said, at p. 420:

"The second objection of the moving defendants to the effect that they have not been sufficiently connected with the sale to the plaintiff to impose civil liability under Sections 17(a) and 10(b) is not sustainable. Plaintiff's allegation that all the defendants were engaged 'in a common plan or concert of action' 'to bring about the * * * sale' of the bonds is sufficient to connect the moving defendants with the sale. * * *"

He added in a footnote:

"Apart from this conspiracy allegation, defendant Schweser Company participated in the sale as a co-underwriter of the bonds with Shields & Company (Par. 10), the latter making the actual sale to the plaintiff. * * *" 131 F.Supp. at 420.

The venue in that case was laid under the 1934 Act, but the reasoning is applicable to our case.

The maintenance of this suit against Blair "does not offend 'traditional notions of fair play and substantial justice'." International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Blair's motion to quash service of process and dismiss the complaint as to it is hereby denied. The Court intimates no opinion on any question of liability which may be raised by Blair or any other defendant.