BLACK & COMPANY, Inc., an Oregon corporation, et al., Plaintiffs,

v.

NOVA–TECH, INC., a California corporation, et al., Defendants.

Julius J. NEILS, Plaintiff,

v.

BLACK & COMPANY, Inc., an Oregon corporation, Defendant and Third-Party Plaintiff,

v.

NOVA–TECH, INC., a California corporation, et al., Third-Party Defendants.

NORTHERN PACIFIC CAPITAL CORPORATION, an Oregon corporation, Plaintiff,

v.

BLACK & COMPANY, Inc., an Oregon corporation, Lawrence S. Black, Defendants and Third-Party Plaintiffs,

and

Nova-Tech, Inc., a California corporation, et al., Defendants,

v.

Alan J. BARTON et al., Third-Party Defendants.

G. L. COMPTON et al., Plaintiffs,

v.

Gardiner S. DUTTON, Defendant.

Civ. Nos. 71–168, 71–190, 71–232, 71–236.

United States District Court,
D. Oregon.

Sept. 24, 1971.

George H. Fraser, David G. Hayhurst, Barnes H. Ellis, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for plaintiffs Black & Company, Inc.

Jack L. Kennedy, Dennis W. Skarstad, Portland, Or., for defendants Waters, Scott, Krueger, Riordan, Marsh, Caps, Guinn, Guthner, Kaufer, Foster, Hill & Barton.

Eric R. Haessler and Donald H. Pearlman, Keane, Haessler, Harper & Pearlman, Portland Or., for Frederick J. Warren.

Myron W. Curzon, Los Angeles, Cal., for Florence C. Alperin.

Leonard J. Heilman, pro se.

John Deacon, Los Angeles, Cal., Edward Fitzgibbon, Portland, Or., for Sidney P. Held.

Walter H. Evans, Jr., William D. Peek, Portland, Or., for Leonard J. Heilman.

Barnes H. Ellis, Davies, Biggs, Strayer, Stoel & Boley, James C. Dezendorf, McColloch, Dezendorf, Spears & Lubersky, Portland, Or., for Gardiner S. Dutton.

William E. Hurley, Bernard, Hurley, Hodges & Kneeland, Portland, Or., for plaintiff Julius J. Neils.

Kenneth E. Roberts, Douglas J. White, Jr., Kenneth E. Roberts, Jr., Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for plaintiff Northern Pacific Capital Corp.

Meserve, Mumper & Hughes, Los Angeles, Cal., for Sidney P. Held.

## MEMORANDUM OPINION

ALFRED T. GOODWIN, District Judge:

Motions by defendants to dismiss in four related actions have been consolidated for hearing. The principal issue is whether the court has long-arm jurisdiction over California lawyers alleged to have participated in sales of unregistered securities within the district of Oregon.

In civil case No. 71–168, the several plaintiffs are Oregon residents who purchased unregistered securities from Nova-Tech, Inc., a California corporation, through Black & Company, Inc., a brokerage house incorporated in Oregon, and Black & Company. Black & Company has conceded its own liability to these plaintiffs under Oregon law, and has partly satisfied each of plaintiffs' claims.

The individual plaintiffs and Black & Company, as corporate plaintiff, bring

this action against Nova-Tech and its officers, directors, and corporate counsel, alleging that these defendants violated the Oregon Blue Sky Law, ORS 59.-005 et seq., 59.115(3). Black & Company also claims contribution for the moneys it has paid and may in the future pay to the individual plaintiffs. Black & Company also alleges that Nova-Tech's corporate counsel—specifically, the named partners in the California law firm of Nossaman, Waters, Scott, Krueger & Riordan—violated Rule 10b–5 of Section 10 of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b) (17 C.F.R. § 240.10b–5 (1971)), by failing to disclose to Black & Company the unregistered condition of the securities being sold in Oregon.

In each of two other actions brought in the District of Oregon, one by a Washington resident (Civ.No.71–190) and the other by an Oregon resident (Civ.No. 71–232), Black & Company has filed a third-party complaint seeking indemnity from Nova-Tech and its officers and directors and from the Nossaman defendants respectively.

In another action (Civ.No.71–236), Gardiner S. Dutton, a director of Nova-Tech, has been sued by disappointed investors who assert that he is liable as a director of a corporation which sold unregistered securities.

The out-of-state defendants have moved to quash service of process in all cases. The Nossaman defendants have also moved to dismiss Black & Company's 10b–5 claim on the ground that venue for that claim does not lie in Oregon.

## I

█ Service of process may be executed in the manner prescribed by state law. Fed.R.Civ.P. 4(e). Under ORS 59.-155(1) (b), process may be served upon a nonresident defendant "who has engaged in conduct prohibited or made actionable under the Oregon Securities Law." Under ORS 59.115(3), any officer or director of a seller of unregistered securities, and "every person who participates or materially aids in the sale," is

liable to the purchaser unless such person is able to prove that he "did not know, and, in the exercise of reasonable care, could not have known, of the existence of the facts upon which the liability is based * * *." Further, each officer or director of a seller of unregistered securities, and each participant in such sale, may be liable to the other defendants on claims for contribution. Thus, once a purchaser or a party seeking contribution can establish that defendants are officers or directors of a seller of unregistered securities, or are participants in the sale, the claims are "actionable" under ORS 59.115(3) for purposes of effectuating service of process under ORS 59.155.

Black & Company, in its third-party complaints, seeks indemnity from the defendants and not mere contribution. Defendants argue that, since ORS 59.-115(3) does not specifically provide for such indemnity, plaintiff's claims in these two cases are not "actionable" under ORS 59.115(3), and, therefore, service of process cannot be achieved under ORS 59.155.

█ I do not believe, however, that the legislature intended to preclude indemnity claims in a proper case. The Oregon Blue Sky Law is to be broadly construed. Adamson v. Lang, 236 Or. 511, 516, 389 P.2d 39 (1964). Indemnity is a traditional remedy for one who pays a loss caused by another, and, by including a right of contribution in ORS 59.115(3), the legislature did not intend to exclude the right of indemnity. Therefore, a claim for indemnity, like a claim for contribution, will be "actionable" under local law against the officers or directors of a corporation selling unregistered securities or against participants in such sale.

The notes and warrants sold in Oregon by Nova-Tech were unregistered. Service of process upon Nova-Tech's officers and directors was therefore proper under ORS 59.155. The director Dutton, who claims to have been an innocent and inactive director, is properly before

the court. His defenses go to the merits rather than to any want of jurisdiction.

Service of process upon one or more lawyers in the Nossaman firm is proper only if the persons served were "participants" under ORS 59.115(3).

 A person need not have actual knowledge of an illegal securities transaction in order to become a "participant" in such sale. The fact that a defendant did not know, and could not have known, of the illegal quality of a securities transaction, while relevant to the issue of his liability, is not relevant to the issue of his participation. This was true even under former ORS 59.250 (which was replaced by ORS 59.115(3)), although under that statute, in order to impose liability upon a defendant, the plaintiff had the burden of establishing that the "participant" had actual knowledge of the illegal securities transaction. See, e.g., Gonia v. Estep, 251 Or. 431, 446 P.2d 114 (1968); Spears v. Lawrence Securities, Inc., 239 Or. 583, 399 P.2d 348 (1964). Further, a person may be a "participant" in an illegal securities transaction without having communicated with the purchaser. Adamson v. Lang, *supra*.

 It is not disputed that defendant Barton of the Nossaman firm prepared the legal papers necessary for Nova-Tech to complete the sale of its securities. Even if Barton did not know and could not have known of Nova-Tech's failure to register the securities, he was a participant in the sale because, without his assistance, the sale would not have been accomplished. Adamson v. Lang, *supra*.

 The other Nossaman defendants argue that they did not have a hand in the preparation of documents, but it is undisputed that the Nossaman firm authorized Nova-Tech to include its name as corporate counsel on Nova-Tech's 1968 and 1969 annual reports. In line with the Oregon court's broad construction of the Blue Sky Law, Adamson v. Lang, *supra*, I hold that the Nossaman firm's designation on Nova-Tech's published reports as Nova-Tech's corporate counsel is enough, for purposes of ORS 59.115(3) and 59.155, to make the firm's partners "participants" in any unlawful securities transaction in which the annual reports were used for promotional purposes. See, e.g., Dijulio v. Digicon, 325 F.Supp. 963 (D.Md.1971).

Therefore, service of process upon Nova-Tech's officers and directors and upon the Nossaman defendants was proper under ORS 59.155. Service of process upon the Nossaman defendants was also proper with regard to plaintiff's claim under Rule 10b–5, for under 15 U.S.C. § 78aa, plaintiff may serve defendants wherever they reside.

## II

 Service of process in these cases is also consistent with due process. Service of process is valid if: (1) the defendant purposefully avails himself of the privilege of acting within the forum state or of causing important consequences in that state; (2) the cause of action arises from the consequences of defendants' activities with regard to the forum state; and (3) jurisdiction over the defendant does not offend judicial standards of fairness and substantial justice. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); State ex rel. White Lumber Sales, Inc. v. Sulmonetti, 252 Or. 121, 448 P.2d 571 (1968).

 The presence in Oregon of the unregistered securities satisfied the first requirement. David v. London Shirt Co., 259 F.Supp. 848 (D.Or.1966). See, also, Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966), and P. Levin, The "Long Arm" Statute and Products Liability, 4 Will. L. J. 331, 346–348(1967).

 For jurisdictional purposes, a defective security should be no different from a defective product. Both carry dangerous consequences for the unsuspecting consumer. Constitutionally, it is no less fair to obtain long-arm jurisdic-

tion over the seller and participants in the sale in Oregon of illegal securities than it is to serve local process upon the out-of-state manufacturer of a defective product sold in Oregon.

In each case, the cause of action arises from the consequences of defendants' activities which had predictable results in Oregon, and personal jurisdiction over these defendants does not offend reasonable standards of fair play and substantial justice. *See, e.g.,* Dijulio v. Digicon, 325 F.Supp. at 966.

"Fairness" suggests fairness to both parties. Phillips v. Anchor Hocking Glass Corp., 413 P.2d at 734. It would appear most fair to permit Black & Company to adjudicate all claims— those against it and those brought by it —in one court.

■ There is no constitutional infirmity in the service of process under ORS 59.155 and 15 U.S.C. § 78aa.

### III

■ The Nossaman defendants have challenged the venue in this district of Black & Company's claim under rule 10b–5. Were this a third-party complaint, with venue established for the primary action, third-party venue would also be clear. *See* 3 Moore's Federal Practice ¶ 14.28[2]. However, Black & Company's Rule 10b–5 claim is an original action, and venue must therefore satisfy 15 U.S.C. § 78aa, the special venue statute for actions under the 1934 Securities Exchange Act. That statute states that venue for a claim arising under the Securities Exchange Act of 1934 will be proper in any district where an act or transaction constituting the alleged violation occurred. Civil actions may also be brought in the district where the defendant is found, resides, or transacts business. The Nossaman firm is "found" only in California and does no business in Oregon within the meaning of the statute. The question, then, is whether an "act" constituting the alleged violation "occurred" in Oregon.

■ Defendants allegedly violated Rule 10b–5 by failing to notify Black & Co. that the Nova-Tech securities were unregistered in Oregon. An omission is an "act" within the meaning of 15 U.S.C. § 78aa. Lorenz v. Watson, 258 F. Supp. 724, 733 (E.D.Pa.1966). The *Lorenz* court, however, suggested that such an "act" only "occurs" in the district where the defendant was located when he failed to act. 258 F.Supp. at 729.

In this respect, I disagree with the *Lorenz* court. The omission "occurs" both in the district where the defendant failed to act and in the district where the liability-producing failure bears its fruit. Thus, a liability-creating omission should be treated, for venue purposes, precisely the same as a liability-creating affirmative act. Venue in the latter case lies in both the district where the fraudulent communication was transmitted and the district where it was received. Schneider v. Sears, 265 F.Supp. 257, 262 (S.D.N.Y.1967).

■ Therefore, venue for Black & Company's 10b–5 claim is permissible in the Central District of California, where the Nossaman defendants allegedly failed to act, but it is also permissible in the district of Oregon, where the information, if transmitted, would have been received. See, e.g., Bath Industries, Inc. v. Blot, 305 F.Supp. 526, 535–536 (E.D. Wis.1969).

I conclude that all defendants' motions to quash service of process and to dismiss should be denied.