Argued and submitted January 9, reversed and remanded March 20, reconsideration denied May 10, petition for review denied June 25, 1985 (299 Or 314)

# FAKHRDAI,
*Appellant,*

*v.*

# MASON et al,
*Respondents.*

## (A8303-01394; CA A31587)

696 P2d 1164

Terrance J. Slominski, Portland, argued the cause for appellant. On the brief was Gary Bisaccio, Portland.

Richard G. Spier, Portland, argued the cause for

respondents. With him on the brief were Robert M. Hughes and Sussman, Shank, Wapnick, Caplan & Stiles, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff in this Blue Sky Law action appeals from a judgment entered after the trial court granted defendants' motions to dismiss plaintiff's second amended complaint on the ground that it failed to state ultimate facts sufficient to constitute a claim. ORCP 21A.(8). The question is whether plaintiff, as the purchaser of shares of common stock from a third party, alleged facts on the face of his complaint permitting an inference that defendants participated or materially aided in the sale of the stock so that they may be liable to plaintiff for fraud in connection with that transaction. We find the allegations sufficient and reverse.

Plaintiff alleges the following: Defendants were the owners of all outstanding shares of stock in Vic's Motors and Auto Parts, Inc. (Vic's). In January, 1980, defendants opened negotiations to sell their shares to a third party, Neatsee (USA) Limited (Neatsee) and Mohammed A. Nissani (Nissani). An agreement was eventually reached on March 6, 1980, for the sale of Vic's stock by defendants to Neatsee for a price of $417,500, with a down payment of $36,000. During the same period, Neatsee/Nissani was negotiating with plaintiff for the purchase of one-half of Vic's stock.

Plaintiff alleges that, on or about March 7, 1980, defendants, with assistance from their attorneys, prepared and executed a contract for the purchase by Neatsee/Nissani of Vic's stock but, instead of representing the true agreement of the parties, the contract stated a purchase price of $600,000 and a downpayment of $218,500. The misrepresentation of the purchase price in the contract was allegedly intended to deceive an unnamed third party—not plaintiff—for the purpose of obtaining the necessary funds to buy the stock from defendants.

It is further alleged that Nissani contacted plaintiff and told him that Nissani had acquired the Vic's stock for $600,000 and that Neatsee had paid a downpayment of $218,500. As proof of the sale, Nissani showed plaintiff the contract containing the false price terms. Plaintiff had no knowledge of the falsity of the terms at that time or for a substantial time thereafter. In reliance on Nissani's representations, plaintiff paid Neatsee $145,000 for one-half of Vic's

stock. The stock became worthless, occasioning the present lawsuit.

Liability of third parties under Oregon's Blue Sky Law contribution statute requires, *inter alia,* that a person or persons "participate or materially aid" in the illegal sale of a security. ORS 59.115(1)(b) provides:

> "Any person who * * * [o]ffers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable * * *."

ORS 59.115(3) then provides in pertinent part:

> "[E]very person who participates or materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller sustains the burden of proof that he did not know, and, in the exercise of reasonable care, could not have known, of the existence of the facts on which the liability is based."

The issue in this case is whether, under ORS 59.115(3), plaintiff has alleged facts which show that defendants, as the original owners of the stock and as participants in the fraudulent sales agreement, may be said to have participated or materially aided in the sale of stock to plaintiff—a purchaser of whom, at least it appears from the pleadings, they had no specific knowledge.

The cases in Oregon interpreting ORS 59.115(3) have consistently held that something more than the mere preparation and execution of documents is required to find liability for "participating" or "materially aiding" under the statute. *See Adams v. American Western Securities,* 265 Or 514, 528, 510 P2d 838 (1973); *Gonia v. Estep,* 251 Or 431, 446 P2d 114 (1968). Cases under an earlier version of ORS 59.115(3) help in understanding how the requirement arose and what it means.

In *Adamson v. Lang,* 236 Or 511, 389 P2d 39 (1964), the defendant agreed to loan a co-defendant the necessary funds required by the Oregon Corporation Commission to be

deposited in an escrow account before the co-defendant's newly formed company's stock could be sold to the public. The Supreme Court held that, although the defendant had not been personally involved in the sale of any stock, the loan was made for the purpose of lifting the Commissioner's sale restriction and therefore constituted "participation" or an "aiding and abetting" in the sale of the stock under *former* ORS 59.250[1] (*replaced* by ORS 59.115(3)). 236 Or at 515.

■　　　In *Spears v. Lawrence Securities, Inc.,* 239 Or 583, 399 P2d 348 (1965), the plaintiff brought suit for the return of the purchase price pursuant to *former* ORS 59.250. The Supreme Court held that two of the defendants, who were salesmen of the stock, came within the statutory language, "person[s] * * * making such sale," despite their contention that only the owners of the stock making a sale were within the scope of the statute. Two other defendants were held liable under the statute because they were officers and directors of the corporation and had "personally participated or aided" in the sale *and* had acted "with knowledge of the violation" asserted by plaintiff. 239 Or at 585-86.[2] *See also Gonia v. E. I. Hagen Co.,* 251 Or 1, 443 P2d 634 (1968) (also decided under *former* ORS 59.250, holding defendant liable because he "aided another in making the sale" by accompanying a securities salesman contacting prospective buyers).

　　　Returning to a case decided under the present law, in *Adams v. American Western Securities, supra,* the Supreme Court faced a case in which the defendant-attorney prepared

---

[1] *Former* ORS 59.250 provided in pertinent part:

"Every sale made in violation of any of the provisions of the Oregon Securities Law shall be void; and the person, issuer or dealer making such sale and every director, officer or agent of the seller, if such director, officer or agent with knowledge of the violation personally participated or aided in any way in making it, shall be jointly and severally liable to the purchaser in an action at law in any court of competent jurisdiction upon tender of the securities sold or of the contract made for the full amount paid by the purchaser, with interest, together with all taxable court costs and reasonable attorney's fees."

[2] The latter element was required under *former* ORS 59.250. The Supreme Court said that it served as "some protection for those persons not directly making the sale by making the proof of their knowledge of the violation a condition of liability." *Spears v. Lawrence Securities, Inc., supra,* 239 Or at 587. The knowledge requirement was removed from the statute in 1967 when ORS 59.250 was repealed and ORS 59.115(3) was enacted. Or Laws 1967, ch 537, § 13. As a consequence, intent need no longer be proved by a plaintiff and lack of knowledge is now an affirmative defense to be pleaded specifically by a defendant.

and executed papers and documents which were to be used in the sale of securites to the plaintiff and, in addition, filed several of the documents and assumed ongoing duties in the registration of the securities. The court found the grant of an order of involuntary nonsuit on motion of the defendant to be in error. It held that the evidence would have supported a finding that the defendant's conduct constituted more than the mere preparation and execution of documents and rendering of routine legal services for his client. Although the court recognized that knowledge need no longer be proved under ORS 59.115(3), it ruled that actions taken in furtherance of the sale of a security with the knowledge that a violation had occurred amounted to "participation" or "material aid" in the sale of the security. 265 Or at 529. The preparation of documents without which the "sale would and could not have been completed or consummated" constituted evidence from which a jury could find that the defendant "participated or materially aided" in the illegal sale of a security, as proscribed by the statute. 265 Or at 530.

■■　Plaintiff in this case alleges in his second amended complaint that defendants prepared and executed a contract containing terms which did not represent the true agreement of the parties. He further alleges that the misrepresentation was "for the sole purpose [of deceiving] a third party."[3] Keeping in mind that the Oregon Blue Sky Law is to be "liberally construed to afford the greatest possible protection to the public," *Adams v. American Western Securities, supra; Adamson v. Lang, supra,* it is evident that the sale to plaintiff in this case could not have been "completed or consummated" without the alleged activities of defendants in the preparation and execution of the contract on which plaintiff allegedly relied. Furthermore, although knowledge need no longer be proved, plaintiff alleges facts from which a jury may infer that defendants had "knowledge of [an] unlawful scheme being perpetrated." *Gonia v. Estep, supra,* 251 Or at 433. Neither do we think that the fortuity that plaintiff was a different victim from the one contemplated by the original scheme aids defendants. Under the allegations of the complaint, defendants helped launch the injurious device. To hold that they escape liability because it hit someone other than the one at whom it

---

[3] Defendants appear to admit the truth of these allegations in their brief.

was originally aimed would violate the Blue Sky Law's protective purpose.

We cannot speculate on the proof that will be offered at trial to establish whether the conduct of defendants rose to the level of "participation" or "material aid" sufficient to impose liability under ORS 59.115(3). Taking the allegations and inferences in the light most favorable to plaintiff, however, it can be said that they are sufficient to constitute a claim. The trial court erred in dismissing plaintiff's complaint.

Reversed and remanded.