Argued and submitted July 27, 1987, affirmed January 13, reconsideration denied February 26, petition for review allowed March 22, 1988 (305 Or 433)

PRINCE,
*Plaintiff,*
*and*

LITTLEFIELD,
*Appellant,*

*v.*

BRYDON et al,
*Defendants,*
*and*

HANSEN,
*Respondent.*

(8312-07715; CA A41261)

748 P2d 158

Robert J. McGaughey, Portland, argued the cause for appellant. With him on the briefs was Redden, McGaughey, Yugler & Jack, Portland.

Allan M. Muir, Portland, argued the cause for respondent. With him on the brief were Jan K. Kitchel, Ridgway K. Foley,

Jr., P.C. and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this action to recover money which he spent to purchase an unregistered security, plaintiff Littlefield (plaintiff) appeals the trial court's grant of a summary judgment in favor of defendant Hansen (defendant). The issue is whether, on the basis of the evidence submitted in support of the motion for summary judgment, defendant is entitled to judgment as a matter of law. Plaintiff does not identify any particular issue of material fact but argues that the facts viewed in the light most favorable to him show that defendant is not entitled to prevail under ORS 59.115(3).[1] We affirm.

In 1980, defendants Brydon, Braden, Brooks and King, together with Tim Chadwick, who is not a defendant, formed Austin Mining & Milling Co. (Austin), an Idaho limited partnership, as general partners. The partnership's business was to mine and mill barite for sale to the oil industry. It sold limited partnerships. Defendant, an Idaho lawyer, was the partnership's attorney and advised it concerning the requirements for private placement of the limited partnership units. At the time, Oregon did not have a private offering exemption from the registration requirements of its security laws. ORS 59.055; *see former* ORS 59.025 (*amended by* Or Laws 1985, ch 193, § 1; Or Laws 1985, ch 349, § 2a, Or Laws 1987, ch 603, § 1a; Or Laws 1987, ch 677, § 9); *former* ORS 59.035 (*amended by* Or Laws 1985, ch 349, § 3, Or Laws 1987, ch 603, § 2). The partnership did not register the limited partnership units in Oregon.

When he participated in forming Austin, Brydon

---

[1] ORS 59.115 provides, in pertinent part:

"(1) A person who sells a security is liable as provided in subsection (2) of this section to a purchaser of the security if the person:

"(a) Sells a security in violation of the Oregon Securities Law or of any rule or order of the commissioner, or of any condition, limitation or restriction imposed upon a registration under the Oregon Securities Law; * * *

"* * * * *

"(3) Every person who directly or indirectly controls a seller liable under subsection (1) of this section, every partner, officer, or director of such seller, every person occupying a similar status or performing similar functions, and *every person who participates or materially aids in the sale* is also liable jointly and severally with and to the same extent as the seller, unless the nonseller sustains the burden of proof that the nonseller did not know, and, in the exercise of reasonable care, could not have known, of the existence of the facts on which the liability is based." (Emphasis supplied.)

lived in Portland. He was acquainted with plaintiff and, in Oregon, sold plaintiff a limited partnership unit. The investment eventually became worthless and plaintiff and another Oregon investor initiated this action to recover the money which they had invested. Plaintiff has obtained judgments against the general partners, except Chadwick; the only issue is defendant's liability, which depends on the extent of his involvement with Austin. *See Adams v. American Western Securities*, 265 Or 514, 510 P2d 838 (1973).

Defendant drafted the limited partnership agreement and major portions of the offering circular. He also gave an opinion on the tax status of the partnership, which Austin included in the information that it provided prospective investors. Defendant attended partnership meetings, although, because he billed by the hour, he stayed only for matters requiring his legal advice. He knew that Brydon lived in Oregon and intended to sell partnership units in Oregon. In his deposition, defendant stated that he advised Brydon to register the units in Oregon before selling them; Brydon, in an affidavit, denied that defendant had so advised him. Instead, Brydon asserted, defendant discussed only the requirements for exemption from registration under federal, not Oregon, law.

ORS 59.115(3) imposes liability on anyone who "participates or materially aids" in an illegal sale of a security, unless the person establishes the affirmative defense of lack of knowledge. Taken literally, the statute would appear to apply to defendant. A lawyer who prepares the legal documents necessary for the creation of the entity whose securities are sold, prepares the offering statement for that sale or gives an opinion on the entity's tax status—all of which are routine parts of a securities practice—has materially aided in the sale. Without those actions, a sale cannot occur. However, Oregon courts have not construed the statutory language literally. "The cases in Oregon interpreting ORS 59.115(3) have consistently held that something more than the mere preparation and execution of documents is required to find liability for 'participating' or 'materially aiding' under the statute." *Fakhrdai v. Mason*, 72 Or App 681, 684, 696 P2d 1164, *rev den* 299 Or 314 (1985).

The only case which considers the liability of an

attorney under the present version of ORS 59.115(3), and the case which is most favorable to plaintiff, is *Adams v. American Western Securities, supra.* The lawyer there was the attorney of the salesman who sold the securities before they were registered and was also an officer and director of two corporations through which the salesman made the illegal sales. There was evidence that the lawyer knew those facts and that he prepared the securities and the necessary documents, including an offering letter, and registered them in order to complete the sales. The court emphasized that the lawyer did considerably more than prepare documents and perform other services normally performed by a lawyer for a client. A jury could have found that the lawyer participated in a scheme to solicit purchasers for securities which were not issued or registered. A jury could also have found that the lawyer knew that the salesman had solicited purchasers and had already raised some money before registration of the securities. Although lack of knowledge is an affirmative defense under the statute, the court held that proof of knowledge could show that the lawyer participated in or materially aided in the sale.

Defendant's actions in this case were different from those of the lawyer in *Adams v. American Western Securities, supra.* He was not involved in Austin's business affairs or in those of its promoters; although he may have been present at meetings where the general partners discussed prospective purchasers, he did not know of any illegal sales. He prepared the various documents, before any sales occurred, on the basis of information which the partners gave him. He also advised them concerning the law of private placement. None of the evidence shows that he knew of or aided a scheme to make illegal sales in Oregon.

The strongest evidence for plaintiff is Brydon's statement that defendant knew that Brydon intended to make sales in Oregon but did not advise him of the need to register the limited partnership units in this state. Although defendant denied the accuracy of Brydon's statement, we must accept it as true for the purposes of the motion for summary judgment. However, the statement does not show that defendant participated in or materially aided in the sale beyond the normal work of a lawyer. It does not show the active participation which existed in *Adams v. American Western Securities,*

*supra.* Brydon's statement might have supported his malpractice claim against defendant,[2] but it does not show liability under the Oregon Securities Law. Because defendant only rendered routine legal services to the partnership, he is not liable under ORS 59.115(3) for participating or materially aiding in Brydon's illegal sale to plaintiff.

Affirmed.

---

[2] Brydon filed a cross-claim against defendant for legal malpractice. The jury found Brydon 55 percent negligent and defendant 45 percent negligent; the court therefore entered judgment for defendant.