33 F.3d 61
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary WINN, Plaintiff-Appellant,
v.
CASE CORPORATION, a Delaware corporation, d/b/a J.I. Case
Company, Defendant-Appellee.
 No. 92-37018.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1994.
Decided Aug. 17, 1994.
 
 1
 Before: TANG and WIGGINS, Circuit Judges and HENDERSON,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Winn (plaintiff-appellant) was employed by Case (defendant-appellee) from May 6, 1974 to September 28, 1990. Prior to beginning work, Winn entered into an "Employee Agreement" with Case. Winn's subsequent effectiveness as an employee is disputed by the parties. On July 11, 1990, a counseling meeting occurred between Winn, his immediate supervisor and a human resources manager for Case, pursuant to Case's "Personnel Administration Manual" (PAM) and "Policy and Procedure Manual" (PPM). At the conclusion of this meeting, Winn signed Case's "Salaried Employee Performance Counseling Record" form (Counseling Record). Winn was terminated on September 28, 1990.
 
 
 4
 Winn brought seven claims against Case in the U.S. District Court for the District of Oregon. Case moved to dismiss four of the claims pursuant to Fed.R.Civ.P. 12(b)(6). A Magistrate Judge assigned to the case recommended that three claims be dismissed: breach of implied contract, wrongful termination, and defamation. Winn objected to the recommendation with regards to the breach of implied contract and the defamation claim only. The District Court adopted the Magistrate Judge's recommendation. Three months later Winn moved for leave to file an amended complaint, which was subsequently denied. Case moved for summary judgment on the remaining four claims: breach of contract, breach of implied covenant of good faith and fair dealing, intentional misrepresentation and negligent misrepresentation. The Magistrate Judge recommended that the motion for summary judgment be granted. The District Court adopted this recommendation in its entirety.
 
 
 5
 On appeal, Winn assigns error to the district court for granting the motion to dismiss, denying the motion for leave to file an amended complaint, and granting the motion for summary judgment. We have jurisdiction under 28 U.S.C. Sec. 1291 and review all of Winn's claims de novo, except for the denial of leave to amend, which we review for abuse of discretion. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (dismissal pursuant to Fed.R.Civ.P. 12(b)(6)) (en banc), cert. denied, --- U.S. ----, 113 S.Ct. 655 (1992); Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992) (grant of summary judgment); Texaco, Inc. v. Ponsoldt, 851 F.2d 794, 798 (9th Cir.1991) (denial of leave to amend).
 
 DISCUSSION
 I. Defamation
 
 6
 Winn alleges that Case remarked to a prospective employer that Winn "could not run a business," and that this statement is both false and defamatory. He contends that the statement calls into question his fitness as an employee and implies that he failed to perform his duties, and thus is actionable per se under Oregon law. Cook v. Safeway Stores, Inc., 511 P.2d 375, 378 (Or.1973). To be "actionable per se," a particular statement must not be pure opinion but "mixed type"--it must "give[ ] rise to the [reasonable] inference that there are undisclosed facts that justify the forming of the opinion expressed by the defendant...." Bock v. Zittenfield, 672 P.2d 1237, 1240 (Or.App.1983) (quoting Restatement (Second) of Torts, Sec. 566 (1981)).
 
 
 7
 Whether any given statement is defamatory is based on the facts and circumstances surrounding it. Winn does not allege what his position or responsibilities were with Case, nor does he aver that his employment or subsequent discharge were in any way related to the alleged statement made by Case. Winn has failed to provide the necessary context in which the alleged statement was made. As a matter of law, the recipient could not reasonably conclude that undisclosed facts are implied in Case's alleged statement. It is therefore not defamatory under Oregon law.
 
 II. Implied Contract
 
 8
 Winn alleges that Case agreed to pay him according to a performance-based compensation plan. He contends that this fact creates an implied representation that he would not be terminated for earning that level of compensation.
 
 
 9
 However, the fact that Case has agreed to pay Winn a certain salary implies no such representation. To the contrary, this fact in no way altered, amended, modified or supplanted his at-will status or at-will contract.[1] When construed in the light most favorable to Winn, the claim is that Winn was fired because he was paid. Termination on the basis that an employee is paid (or paid too much) might be a "bad cause." But if made legally cognizable, Winn's theory would effectively eliminate at-will employment in Oregon[2] and would directly conflict with the decisions of Oregon courts. Cf. Sheets v. Knight, 779 P.2d 1000 (Or.1989).
 
 
 10
 Winn relies heavily on Sabin v. Willamette-Western Corp., 557 P.2d 1344 (Or.1976), an action by an employee for accrued vacation pay. Winn alleges that his "reasonable expectation" that he will not be terminated is comparable to Sabin's expectation that he receive vacation pay. Winn's alleged expectations are unreasonable given the alleged facts, however. Winn could not have reasonably expected that any pay scale, static or contingent, would give rise to non-at-will employment in and of itself. If an employee of Case reaches a set standard as outlined in the "performance-based compensation plan," there is a reasonable expectation that he will be paid according to this plan. Unlike the plaintiff in Sabin, however, Winn has been fully compensated and all his reasonable expectations met. Any implied expectation of altered employment security is not reasonable, and Winn's claim of implied contract is, therefore, without merit.
 
 III. Denial of Motion for Leave to Amend
 
 11
 In Patton v. J.C. Penney Co., 719 P.2d 854 (Or.1986), the Oregon Supreme Court enumerated two exceptions to the general at-will-employment rule of Oregon: discharge for exercising a job-related right and discharge for complying with a public duty. Id. at 856-57. Winn's wrongful discharge claim, as pressed in the motion for leave to amend, is premised on the public duty exception to at-will employment. He alleges that he was terminated for not following his supervisor's suggestion to "pad" his store's performance numbers. He further alleges that he was under a public duty not to "pad" his numbers because Case's stock is publicly traded and is subject to state and federal securities regulations.
 
 
 12
 Winn's attempt to affiliate himself and his employment with any securities law is futile, and "futile amendments should not be permitted." Klamath-Lake Pharm. v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Winn has no duty, fiduciary or otherwise, to the public in general or individual investors. He is not liable under either federal or state securities laws because their provisions are applicable, if at all, only to "issuers, directors, signatories and identified drafters of documents, offerors, [and] sellers[ of securities], and those who control them." Barker v. Henderson, Franklin, Starnes & Holt, 797 F.2d 490, 494-95 (7th Cir.1986) (holding that a law firm and accounting firm were not liable under the Securities Acts).
 
 
 13
 Winn would not be an "aider or abetter" under the securities laws. He would not have "personally participated or aided" in a sale of securities. Like the defendants in Fakhrdai v. Mason, 696 P.2d 1164 (Or.App.1985), Winn would not have helped "launch the injurious device." Id. at 1167. Any sale of Case's securities could have been "completed or consummated" without Winn's involvement. Id. Oregon cases have consistently held that something more than indirect or abstract involvement "is required to find liability for 'participating' or 'materially aiding' under the [state securities] statute[s]." Id. at 1166.
 
 
 14
 Therefore, Winn's at-will contract does not fall within the public-duty exception, and his claim of wrongful termination is meritless.
 
 IV. Breach of Contract
 
 15
 Winn claims that eight binding promises were made to him by Case during the July 11, 1990 counseling meeting, and these promises were subsequently breached. Winn states that these alleged promises altered his status as an at-will employee and that failure to fulfill these promises was a breach of his employment contract.
 
 
 16
 The documents relied on by both Winn and Case explicitly declare that the former is terminable at will. Winn signed an "Employment Agreement" prior to beginning work with Case which stated that his employment was "not for a definite period of time and continuance of such employment is not hereby made obligatory upon either party, or as a condition hereof." The July 11, 1990 counseling meeting was held pursuant to Sec. 8.10 of PAM and Sec. 5-550 of PPM. Both documents explicitly declare that they do not constitute a contract, they may be deviated from, and an employee remains terminable at will. If any promise, oral or written, reasonably remained at the conclusion of the July 11, 1990 meeting, the subsequent signing of the Counseling Record by Winn should have removed all doubt as to his employment status: "The employee remains terminable at will regardless of rules or guidelines which the Company may choose to apply."
 
 
 17
 Without any further discussion, it is obvious that the alleged promises could not alter Winn's status as an at-will employee. "[W]hile an employer may agree to restrict or limit his right to discharge an employee, to imply such a restriction on that right from the existence of a contractual right[ ] which[ ] by its terms has no restrictions, is internally inconsistent." Thompson v. St. Regis Paper Co., 685 P.2d 1081, 1086 (Wash.1984). Therefore, Winn's breach of contract claim is meritless, and we need not and do not consider the individual merits of the eight alleged promises.
 
 V. Breach of Implied Covenant
 
 18
 Winn's implied covenant claim is merely a reproduction of his wrongful termination (denial of leave to amend) claim and portions of his breach of contract claim. They are as unavailing now as they were previously. Winn's implied covenant claim alleging wrongful termination for refusing to "pad" his numbers is meritless because he does not fall within the "public duty" exception to at-will employment. Winn's other claims are essentially the same as his breach of contract claim.
 
 
 19
 Winn further claims that, although a duty of good faith and fair dealing does not apply to termination under at-will employment contracts, it "is appropriate in matters pertaining to ongoing performance of at-will employment agreements." Sheets, 779 P.2d at 1008.
 
 
 20
 However, it is not appropriate to imply the duty of good faith and fair dealing inconsistently with a provision of the contract, id., and all of Winn's implied covenant claims are inconsistent with other provisions of the relevant documents. "The obligation of good faith does not vary the substantive terms of the bargain or of the statute, nor does it provide a remedy for an unpleasantly motivated act that is expressly permitted by contract or statute." U.S. National Bank v. Boge, 814 P.2d 1083 (Or.1991). Termination at-will was expressly permitted, so the covenant simply does not apply. Winn's claim for breach of an implied covenant of good faith and fair dealing is meritless.
 
 
 21
 VI. Intentional and Negligent Misrepresentation
 
 
 22
 Winn alleges both intentional and negligent misrepresentation based upon promises he alleged in support of his breach of contract claim. His argument is that, if these promises had not been made, he would have resigned rather than risk "termination and the associated stigma and [he] could have preserved his overall positive employment record of 16 years with the company."
 
 
 23
 Winn must show, inter alia, that he justifiably relied on these alleged misrepresentations made by Case. Webb v. Clark, 546 P.2d 1078, 1080 (Or.1976). As stated in the previous section, Winn could not have reasonably relied on these alleged promises. As an at-will employee, Winn could have been terminated for any reason that is not forbidden by statute or common law, or for no reason at all. Sheets, 779 P.2d at 1008. His continuing status as an at-will employee was reiterated in each document, including the post-meeting Counseling Record, which he signed. The injury he alleges is the kind any terminated employee might experience, and is not actionable in this case. Both claims of misrepresentation are meritless.
 
 CONCLUSION
 
 24
 Winn's arguments are without merit. The grant of the motion to dismiss, denial of the motion for leave to file an amended complaint, and the grant of the motion for summary judgment by the District Court are AFFIRMED.
 
 
 
 *
 Hon. Thelton E. Henderson, Chief United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Winn failed to allege that his employment was at-will or otherwise. Absent an allegation to the contrary, the presumption in Oregon is a contract for employment at-will. Patton v. J.C. Penney Co., 719 P.2d 854, 856 (Or.1986)
 
 
 [2]
 Employees could only be terminated for good cause, i.e., truancy, criminal acts, or insubordination