**COBURN et al. v. WARNER et al.**

United States District Court
S. D. New York.

March 17, 1953.

Lucien R. Tharaud, New York City, for plaintiffs.

Unterberg & Unterberg, New York City, David Unterberg, New York City, for defendant B. Gerald Cantor, appearing specially.

McGOHEY, District Judge.

The defendant B. G. Cantor moves to quash the service of the summons and complaint upon him, on the ground that this court has no jurisdiction of his person. He was concededly not served personally here but in California where it is claimed he now resides and "does business." The suit seeks recovery of $15,000 from this defendant for alleged frauds committed by him in the sale of securities to the plaintiff, in violation of the Securities Act of 1933[1] and the Securities Exchange Act of 1934.[2]

1. 15 U.S.C.A. § 77a et seq.

2. 15 U.S.C.A. § 78a et seq.

■ According to the complaint which is accepted as true on this motion, the facts are as follows. The defendant's agent, a co-defendant named Thayer, negotiated the transaction complained of with the plaintiffs in Massachusetts; the plaintiffs, as a result of fraudulent inducements made by the defendant's agent, sold all the securities in their respective accounts and with the proceeds purchased, through the defendant B. G. Cantor, stock of Espey Manufacturing Co., Inc., a New York Corporation; this transaction was confirmed in writing; the "confirmation" was mailed by B. G. Cantor from his office in New York City; the defendant failed to disclose therein or otherwise (a) that he was an underwriter of the issue, (b) that the stock was speculative, (c) his secret profits, and (d) excessive commissions. The complaint alleges that the foregoing constitute violations of both Acts, and it is clear that they do although that point is not put in issue by this so-called "special appearance" merely to contest jurisdiction of the person.

The 1933 Act provides " * * * Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the sale took place, if the defendant participated therein * * *." [3]

The 1934 Act provides that an action under that act may be brought " * * * in the district wherein any act or transaction constituting the violation occurred * * * or in the district wherein the defendant is found or is an inhabitant or transacts business * * *." [4]

Section 240.15c1–4 of the Rules and Regulations under Securities and Exchange Act of 1934 [5] defines "manipulative, deceptive, or other fraudulent device" as used in Section 15(c)(1) of the 1934 Act, [6] as including "any act of any broker or dealer designed to effect with or for the account of a customer any transaction in, or to induce the purchase or sale by such customer of, any security * * * unless such broker or dealer, *at* or before *the completion of each such transaction* gives or sends to such customer written notification disclosing (a) whether he is acting as a broker for such customer, as a dealer for his own account, as a broker for some other person, or as a broker for both such customer and some other person; and (b) in any case in which he is acting as a broker for such customer or for both such customer and some other person, either the name of the person from whom the security was purchased or to whom it was sold for such customer and the date and time when such transaction took place or the fact that such information will be furnished upon the request of such customer, and the source and amount of any commission or other remuneration received or to be received by him in connection with the transaction." [Emphasis supplied.]

■ It seems clear that when the defendant sent from New York the "confirmation" which withheld the required disclosures, he performed in the Southern District of New York an act or transaction in violation of the act, within the meaning of section 27 of the Securities Exchange Act of 1934. The venue, accordingly, was properly laid here and thus the personal service on the defendant in California was valid. It is true that the 1934 Securities Exchange Act is broader than the Securities Act of 1933, but that is of no aid to the defendant. [7]

The motion is denied.

Settle order.

3. Securities Act of 1933, § 22(a), 15 U.S. C.A. § 77(v).

4. Securities Exchange Act of 1934, § 27, 15 U.S.C.A. § 78aa.

5. Code of Fed.Reg. 1949 Ed. Title 17 Chap. II p. 241.

6. Securities Exchange Act of 1934, § 15(c) (1), 15 U.S.C.A. § 78o (c) (1).

7. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Sure-Fit Products Co. v. Fry Products, Inc., D.C.N.Y., 23 F.Supp. 610, 612.