The CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Plaintiff,

v.

Paul V. SHIELDS et al., Defendants.

United States District Court
S. D. New York.

June 25, 1954.

See also 17 F.R.D. 277.

17.  Williston on Contracts (Revised Edition) § 623.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Ralph M. Corson, Oakland, Cal., N. Loring Bowen, Jr., New York City, of counsel, for plaintiff.

Gross, Welch, Vinardi & Kauffman, Omaha, Neb., Watters & Donovan, New York City, of counsel, for defendants, Robert E. Schweser Company and Leonard L. Lawrence.

CONGER, District Judge.

Motions by the defendants Robert E. Schweser Company and Leonard L. Lawrence to dismiss the complaint on the grounds that (1) the complaint does not state a claim against the moving defendants upon which relief can be granted and (2) this Court is without jurisdiction because the venue being improper, the service of process in Nebraska is a nullity.

The moving papers show that defendant Robert E. Schweser Company is a foreign corporation under the laws of Nebraska and does not do business in the State of New York; that its principal office is located in the State of Nebraska and it has no employees, representatives or agents in the Southern District of New York; that defendant Leonard L. Lawrence is a citizen and resident of the State of Nebraska and does not maintain an office for the transaction of business within the Southern District of New York and that said defendant transacts no business in the Southern District of New York and has no employees, representatives or agents therein.

Both defendants were served in Nebraska with process issued out of this Court.

■■ (1) I am not passing on the question as to whether the immunity provided for by Section 3(a) (2), 15 U.S.C.A. § 77c (a) (2), applies here in so far as the complaint alleges a violation of and seeks a remedy under the Securities Act of 1933. I consider it unnecessary to decide this issue in as much as I find that the complaint states a claim under Section 10(b) of the 1934 Act, 15 U.S.C.A. § 78j (b), and Rule X–10B–5 promulgated thereunder.

■ (2) Section 27 of the 1934 Act, 15 U.S.C.A. § 78aa, permits service of process in such an action in a district wherein defendant is an inhabitant or may be found provided the venue is laid in the district wherein, *inter alia,* any act or transaction constituting the violation occurred. I think it is obvious from the circumstances alleged in the complaint that some act or transaction purportedly violative of the Act occurred in this district. I, therefore, hold that this Court has jurisdiction of the action; that the venue is proper and that service of process upon these defendants in Nebraska is good and valid.

Compare on all the foregoing Baron v. Shields, D.C., 131 F.Supp. 370, Dimock, J.

In addition to the above-entitled action, there are two other similar actions against the same defendants. The moving defendants in this action have also moved for the same relief in the other two actions. The issues in each of the six motions are identical. To avoid duplication, all six motions will be considered as one motion and the above memorandum will be determinative of all of the motions.

Motions denied.

Settle orders.