The GREENWICH SAVINGS BANK, Plaintiff,

v.

Paul V. SHIELDS et al., Defendants.

United States District Court
S. D. New York.
Jan. 12, 1955.

Sincerbeaux & Shrewsbury, New York City, for plaintiff, Ralph M. Carson, Alfred W. Bergren, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant Shields & Co., Mathias F. Correa, New York City, of counsel.

Begley, Diamond & Begley, Schenectady, N. Y., for defendant Parsons, Brinckerhoff, Hall & Macdonald.

Gross, Welch, Vinardi & Kauffman, Omaha, Neb., for defendants Robert E. Schweser Co. and Leonard L. Lawrence, Watters & Donovan, New York City, of counsel.

Asbury S. Edmonds, New York City, for defendant Marshall Dancy.

McGOHEY, District Judge.

Defendants Leonard L. Lawrence and Robert E. Schweser Co. separately move

to set aside and vacate the service and alternatively to dismiss the complaint for failure to state a claim against them upon which relief can be granted.

The motions are in all respects denied.

The action is brought by a purchaser of the bonds of the Bellevue (Nebraska) Bridge Commission against the following defendants: the co-partners of Shields & Co., a partnership doing business in New York; Robert E. Schweser Co., a Nebraska corporation not doing business in New York; Leonard L. Lawrence, Chairman of the Bellevue (Nebraska) Bridge Commission; the co-partners of Parsons, Brinckerhoff, Hall and Macdonald, a partnership doing business in New York; and Marshall Dancy, an individual doing business in New York. Shields & Co. and Robert E. Schweser Co. underwrote the sale and distribution of the bonds to the public. Parsons, Brinckerhoff, Hall and Macdonald prepared a traffic study included in a circular made available to prospective buyers.

The plaintiff alleges that it contracted to and did purchase $300,000 of bonds from Marshall Dancy, in reliance upon the circular and traffic report delivered by Dancy to the plaintiff; that certain specific representations in the traffic report were false and known to the defendants to be so; that the defendants were engaged in a common plan and concert of action to cause the plaintiff to purchase bonds in reliance upon misrepresentations in the circular and traffic report.

The moving defendants are charged with having acted in concert with the other defendants to defraud plaintiff in violation of the Securities Act of 1933, § 17(a), 15 U.S.C.A. § 77q, and the Securities Exchange Act of 1934, § 29, 15 U.S.C.A. § 78cc, and § 10(b) 15 U.S.C.A. § 78j, and Rule X–10B–5 (17 CFR 202) promulgated thereunder.

Neither moving defendant resides in or does business in New York. Both were served with process in Nebraska, purportedly under the statutory authority for extraterritorial service contained in § 22(a) of the 1933 Act, 15 U.S.C.A. § 77v, and § 27 of the 1934 Act, 15 U.S.C.A. § 78aa.

The argument for dismissal may be summarized as follows. The plaintiff's claim is based solely on the falsity of a prospectus and communication. Section 77*l* prescribes the only "Civil liabilities arising in connection with prospectuses and communications". These liabilities are imposed only on a "person who * * * sells a security". Neither of the moving defendants is charged with making the sale. Moreover when the securities sold are issued by a political subdivision of a state, as the bonds here concededly were, the "person who * * * sells" such securities is exempted from the liabilities imposed by 77*l*. Accordingly the complaint does not plead a claim against the moving defendants.

I do not agree. I think the claim against the moving defendants is not one based solely on the falsity of the prospectus. Accordingly I deem it unnecessary to decide what if any is the precise point, short of actual delivery of securities in exchange for the purchase price, at which participation in the issuing and marketing process, if it ceased at that point, would be insufficient to make such a participant a "person who * * * sells a security" under Section 77*l*; or to decide whether the facts here pleaded are sufficient to charge either of the moving defendants under that section. This complaint charges: 1. that the moving defendants committed fraud in that they, acting in concert with the other defendants, caused the plaintiff to buy the bonds in reliance on statements which the moving defendants knew or should have known to be false; 2. that the plaintiff did so; and 3. that the United States Mails were used. That charge, regardless of the governmental character of the issuer of the bonds, states a claim against the moving de-

fendants under 77q (1933 Act) and under 78j (1934 Act).[1]

The 1934 Act authorizes extra-territorial service of process in a suit brought under its provisions. Accordingly the service here is valid if the venue is proper and this court has jurisdiction. Section 78aa allows suit to be brought in the district where any act or transaction constituting the violation occurred. Here it is charged that the misrepresentations and the sale occurred in the Southern District. Thus the venue is proper under this section.

Settle order in accordance herewith.

---

1.  See Judge Dimock's decision in the related case of Baron v. Shields, D.C., 131 F.Supp. 370.