Albert E. **THIELE**, Plaintiff,

v.

Paul V. **SHIELDS**, Cornelius Shields, Eugene P. Barry, Robert T. Veit, Bernard F. Toole, John J. Reilly, Milton Watkins, Vladimir N. Bashkiroff, Macrae Sykes, Theodore L. Crockett, Hugh V. Sherrill, Herbert H. Childs, Thomas C. Rodman, W. Scott Linn, Charles W. Eaton and John J. Stonborough, individually and as co-partners trading under the firm name and style of Shields & Company; Robert E. Schweser Company; Leonard L. Lawrence; Eugene L. MacDonald, Lawrence S. Waterbury, Maurice N. Quade, Gene W. Hall, William E. R. Covell, Walter S. Douglas and Alfred Hedefine, individually and as copartners doing business under the firm name and style of Parsons, Brinckerhoff, Hall & MacDonald; and Marshall Dancy, Defendants.

United States District Court
S. D. New York.
March 31, 1955.

**418**

Davis Polk Wardwell Sunderland & Kiendl, New York City, Ralph M. Carson, James J. Higginson, New York City, of counsel, for plaintiff.

Gross, Welch, Vinardi & Kauffman, Omaha, Neb., Watters & Donovan, New York City, of counsel, for Robert E. Schweser Co. and Leonard L. Lawrence.

IRVING R. KAUFMAN, District Judge.

Defendants L. L. Lawrence and Robert E. Schweser Company move to dismiss the complaint for failure to state a claim and to set aside the service of process upon them. The action is brought for rescission and damages by the purchaser of certain bonds of the Bellevue Bridge Commission (Nebraska) against the defendant Schweser Company, a Nebraska securities firm and co-underwriter of the bonds with defendant Shields & Company and its partners; an engineering firm and its partners; the individual seller of the bonds to plaintiff; and L. L. Lawrence, chairman of the Bridge Commission.

Plaintiff alleges that he purchased the bonds in reliance upon false and misleading matter in an offering circular and in a traffic report of estimated vehicular traffic and toll revenue on the bridge, the preparation of which was participated in by all the defendants, and also upon oral representations made by the individual seller, defendant Dancy. Interstate means of communication were allegedly utilized. Additionally, it is alleged that all of the defendants were engaged in "a common plan and concert of action" to sell the bonds to purchasers by utilization of the false representations.

Plaintiff bases his claim upon Section 17(a) of the Securities Act of 1933, 15 U.S.C.A. § 77q(a) and Rule X–10B–5 of the Securities and Exchange Commission promulgated pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b). Rule X–10B–5 provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(1) to employ any device, scheme, or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

The language of Section 17(a) is substantially similar except that it is limited to fraud in the sale of securities whereas Section 10(b) and Rule X–10B–5 apply to fraud in the purchase as well as the sale of securities.

Standing alone, the plain language of this Rule and of Section 17(a) clearly covers the alleged conduct of the defendants. The moving defendants, however, contend that this provision is inapplicable because: (1) as applied to them, it is inconsistent with Section 12(2) of the 1933 Act, 15 U.S.C.A. § 77l(2), which admittedly exempts any person who sold these municipal bonds from the civil liability provided in that section for material misrepresentations included in a prospectus or oral communication; (2) it is not alleged that they participated in the actual sale of the bonds to the plaintiff.[1]

1. For other cases in this District dealing with similar contentions by these defendants, see the unreported decisions in Baron v. Shields, 131 F.Supp. 370; Connecticut Mutual Life Ins. Co. v. Shields, 131 F.Supp. 363; Greenwich Savings Bank v. Shields, 131 F.Supp. 368; and Citizens Casualty Co. v. Shields, D. C., Civ. No. 95–76, decided Nov. 9, 1954. In the first three actions respectively, Judge Dimock, Judge Conger and Judge McGohey denied the motions; in the last action Judge Clancy granted the motion.

Although Section 17(a) of the 1933 Act and Section 10(b) of the 1934 Act do not expressly provide for private civil remedies, the courts have consistently implied such remedies from the prohibitions of these sections. Fischman v. Raytheon Mfg. Co., 2 Cir., 1951, 188 F.2d 783, 787; Fratt v. Robinson, 9 Cir., 1953, 203 F.2d 627, 631; Kardon v. National Gypsum Co., D.C.E.D.Pa.1946, 69 F. Supp. 512; Northern Trust Co. v. Essaness Theatres Corp., D.C.N.D.Ill.1952, 103 F.Supp. 954, 964; Robinson v. Difford, D.C.E.D.Pa.1950, 92 F.Supp. 145, 149; Osborne v. Mallory, D.C.S.D.N.Y. 1949, 86 F.Supp. 869, 878; Speed v. Transamerica Corp., D.C.D.Del.1947, 71 F.Supp. 457. Moreover, both Section 17 (a) of the 1933 Act [2] and Rule X–10B–5 under Section 10(b) of the 1934 Act clearly apply to municipal bonds such as the ones here in controversy. However, the moving defendants urge, in substance, that to the extent that the Section 12(2) municipal bond exemption from civil liability arising from misrepresentations in a prospectus or oral communication is inconsistent with Sections 17(a) and 10(b), civil remedies under the latter sections should be denied. Although this proposition may be maintainable in the abstract, there is no inconsistency between Section 12(2), on the one hand, and Sections 17(a) and 10(b), on the other hand, when those sections are read *in pari materia* and are applied to the particular allegations here presented. In the first place, plaintiff's claim is apparently based upon more than misrepresentations in "a prospectus or oral communication". Plaintiff alleges that the offering circular ("prospectus", 15 U.S.C.A. § 77b(10), and oral representation made by defendant Dancy were merely two of the steps taken to effectuate a "common plan or concert of action" (Par. 18) on the part of all the defendants to mislead purchasers into buying the bond issue.[3] Cf. Fischman v. Raythe-

on Mfg. Co., 2 Cir., 1951, 188 F.2d 783, 786.

Secondly, the potential civil liability *for misrepresentations* under Section 12(2) appears to be much broader than that implied from Section 17(a) (2). All that a plaintiff-purchaser need prove under Section 12(2) is that a statement in a prospectus or oral communication is *in fact* false or is a misleading omission, and that he did not know of such untruth or omission. The section expressly provides that the defendant must "sustain the burden of proof that he did not know, *and in the exercise of reasonable care could not have known,* of such untruth or omission". (Italics supplied.) On the other hand, Sections 17 (a) and 10(b) (Rule X–10B–5) do not, on their face, purport to apply to a negligent misrepresentation nor, without an express provision as under 12(2), should they be construed to shift the burden of proving intention, knowledge, or negligence (if applicable) to the defendant. Cf. Fischman v. Raytheon Mfg. Co., 2 Cir., 1951, 188 F.2d 783, 786. But see First Trust & Savings Bank of Zanesville v. Fidelity-Philadelphia Trust Co., D.C.E.D.Pa.1953, 112 F.Supp. 761, 770; Sections 10(b), 17 and 12. Therefore even assuming plaintiff's allegations are based *solely* on a "prospectus or oral communication" within the municipal bond exemption to the stringent liability imposed by Section 12(2), a claim under Sections 17(a) and 10(b) would still be sustainable if knowing or intentional misrepresentation with regard to municipal bonds were alleged (and proven) by the plaintiff. That Congress intended to exempt a seller of municipal bonds from liability for failure to prove that he exercised reasonable care in investigating the truth of a representation is not inconsistent with the subjection to civil liability of the same seller after the purchaser proves that he knowingly misrepresented

---

2. Section 17(c), 15 U.S.C.A. § 77q(c).

3. This may very well constitute a "scheme * * * to defraud" or a "course of business which operates or would oper-

ate as a fraud * * * upon the purchaser" within Section 17(a) (1) or (3) as well as a conspiracy to misrepresent under 17(a) (2).

a fact. Cf. Fischman v. Raytheon Mfg. Co., supra.

■ The second objection of the moving defendants to the effect that they have not been sufficiently connected with the sale to the plaintiff to impose civil liability under Sections 17(a) and 10(b) is not sustainable. Plaintiff's allegation that all the defendants were engaged "in a common plan or concert of action" "to bring about the * * * sale" of the bonds is sufficient to connect the moving defendants with the sale. Cf. Kardon v. National Gypsum Co., D.C.E.D.Pa.1946, 69 F.Supp. 512; see Simons v. United States, 9 Cir., 1941, 119 F.2d 539, 546 (criminal conspiracy).[4]

■ Since plaintiff has stated a claim under Section 10(b) of the 1934 Act, the special process and venue provisions of that Act are applicable here. The actual sale to plaintiff was executed in the Southern District of New York. Defendants were served with process in Nebraska which issued out of the Southern District of New York, and venue was laid in this District. Both service and venue were proper under Section 27 of the 1934 Act, 15 U.S.C.A. § 78aa, which provides that the action "may be brought in the district wherein any act or transaction constituting the violation occurred * * * and process * * * may be served * * * wherever the defendant may be found."[5]

The motions are denied in all respects.

---

4. Apart from this conspiracy allegation, defendant Schweser Company participated in the sale as co-underwriter of the bonds with Shields & Company (Par. 10), the latter making the actual sale to the plaintiff. Although defendant Lawrence is alleged to be one of the original promoters of the bridge project (Par. 7) and it is alleged that he "participated in the preparation of the circular" (Par. 11), no substantial financial interest on his part in the actual sale of the bonds to the plaintiff, is alleged. Cf. Birnbaum v. Newport Steel Corp., 2 Cir., 1952, 193 F.2d 461. Apart from the conspiracy allegation, his actions would not be sufficient to connect him with the sale, cf. Rosenberg v. Globe Aircraft Corp., D.C.E.D.Pa.1948, 80 F. Supp. 123 ("participation" in sale for venue purposes); Schillner v. H. Vaughan Clarke & Co., 2 Cir., 1943, 134 F. 2d 875 (the seller and those who control him "participate" in sale for venue purposes), unless the use of the phrase "any person * * * in connection with the * * * sale" in 10(b) and Rule X–10B–5 as contrasted with "any person in the sale" in Section 17(a) and "any person who sells" in Section 12 evinces an intention to reach under Section 10(b) even those who participate in the preparation of a false prospectus but not in the sale. That such was the intention seems *possible*, at least as to Rule X–10B–5, from the deletion in the Rule of the requirement of Section 17(a) (2) that the person to be subjected to liability "obtain money or property" from any sale effected by the use of misrepresentations. But see Birnbaum v. Newport Steel Corp., 2 Cir., 1952, 193 F.2d 461, 463.

5. The moving defendants contend that where a claim can be sustained under both the 1933 and 1934 Acts that the more restrictive venue provision of the 1933 Act controls the action. The 1933 Act's venue provision provides that the action "may be brought * * * in the district where the sale took place, if the defendant participated therein". Section 22, 15 U.S.C.A. § 77v. The defendants cite Rosenberg v. Globe Aircraft Corp., D.C.E.D.Pa.1948, 80 F.Supp. 123 in support of their contention. That case is inapplicable because plaintiff's claim there was, and the court so held, clearly within Section 12 of the 1933 Act and that section's specific and express statutory provisions as to civil liability and burdens of proof. The court held that the 1933 Act's venue provisions could not be avoided by stating a claim for civil liability implied under the general language of Section 10(b) of the 1934 Act. However, the instant claim is expressly exempted from Section 12 and its specific and express remedies. Civil liability is *implied* as to both the 1933 Act (Section 17(a) ) and the 1934 Act (Section 10(b) ) grounds and the language of both sections is general (and substantially similar). Therefore, there is no greater pull here towards the 1933 venue provisions than towards the 1934 venue provisions as was the case in Rosenberg. Moreover, it has been held in this District that venue may be laid under Section 27 of the 1934 Act when a claim is based upon both Acts, and plaintiff is not restricted to the 1933 venue provisions. Coburn v. Warner, D.C. S.D.N.Y.1953, 110 F.Supp. 850.