Frederick **UCCELLINI**, Emma Uccellini, Plaintiffs

v.

Robert C. **JONES**, Sr., Joseph P. Kreeger, Robert C. Jones, Jr., John M. Buckley, Kenneth Watson, t/a Jones Kreeger & Oscar P. Ryder, Robert M. Hanson, Kenneth Watson, t/a Jones Kreeger & Co., a partnership, Lewis Bailey, Thomas L. Thomas, Polytronic Research, Inc., a corporation, Defendants.

Civ. A. No. 3246–59.

United States District Court
District of Columbia.

March 18, 1960.

C. William Tayler, Washington, D. C., for plaintiffs.

Robert E. Lynch, Nicholas J. Chase, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiffs have brought suit under the Securities Act of 1933, 15 U.S.C.A. §§ 77a–77aa, to recover the amounts expended for the purchase of 40,000 shares of defendant corporation's common stock.

Jones Kreeger & Co., a stock brokerage partnership, whose partners are defendants in this action, has its main office in the District of Columbia and a branch office in Bethesda, Maryland. Defendant Bailey, a resident of Kensington, Maryland, is a stock salesman in this branch office, and it was here that plaintiffs placed their order for the purchase of the Polytronic stock.[1] A summons and copy of the complaint were served on Bailey at his office in Bethesda, and Bailey having moved to quash service of process, the issue now before the Court is whether venue and service were proper.

Venue is not proper under the general venue statute, 28 U.S.C. § 1391, since neither all the plaintiffs nor all the defendants reside in the District of Columbia. Furthermore, the territorial limits of service of process from this court are ordinarily limited to. the District of Columbia. F.R.Civil P. 4(f), 28 U.S.C. However, 15 U.S.C.A. § 77v(a), as amended, provides:

---

1. Because the Court has decided that Bailey "transacts business" within the District of Columbia, it does not reach the question of where "the offer or sale" of the Polytronic stock took place and whether Bailey "participated therein".

" * * * The district courts of the United States * * * shall have jurisdiction of offenses and violations under this subchapter * * * *Any such suit or action may be brought in the district wherein the defendant* is found or is an inhabitant or *transacts business,* or in the district where the offer or sale took place, if the defendant participated therein, *and process in such cases may be served in any other district of which the defendant is an inhabitant* or wherever the defendant may be found. * * * " (Emphasis supplied.)

It is clear, then, that if Bailey "transacts business" in the District of Columbia, he is properly in the case. Although Bailey's answers in his deposition were guarded—he apparently was aware of their legal significance—this much comes through: Bailey is licensed to act as a salesman of securities in the District of Columbia and although most of his customers reside elsewhere, he has had some business transactions with D. C. residents; he sends all his purchase and sale orders through the main office in the District of Columbia which then sends confirmations back to him; he has mailed literature regarding stock investments into the District of Columbia with some degree of systematic regularity; on oc-

casion, he has visited the main office and strengthened his relationship with its members.

If anything, the concept "transacts business" in § 77v(a) has a broader and more flexible meaning than the terms "doing business" or "minimum contacts",[2] which are encountered when the inquiry is whether persons not personally served with process are amenable to having *in personam* judgment entered against them. This appears from an examination of the cases under § 77v(a) as well as cases discussing the similarly worded provision in the Clayton Act, 15 U.S.C.A. § 22.[3] See, e. g., Securities and Exchange Commission v. Wimer, D.C.W. D.Pa.1948, 75 F.Supp. 955; United States v. Scophony Corp., 1948, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091.

Under the applicable law, the Court concludes that Bailey "transacts business" within the District of Columbia and thus is properly in this lawsuit. Securities and Exchange Commission v. Wimer, supra. Bethesda and Kensington are two close-in suburbs of the District of Columbia; Bailey will not be inconvenienced—in a geographical sense— by having to defend in this district. See Green v. United States Chewing Gum Mfg. Co., 5 Cir., 1955, 224 F.2d 369.

Order accordingly.

---

**2.** These latter terms are discussed in two recent Supreme Court cases, McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 and Hanson v. Denckla, 1958, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

**3.** "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."