Ivan **STERN**
and
**Abrael I. Fox, Plaintiffs,**
v.
William **GOBELOFF**
and
**Wilkins-Rose, Inc., Defendants.**
**Civ. No. 70–1446.**

United States District Court,
D. Maryland.

Oct. 7, 1971.

Ronald M. Shapiro and Alan R. Sachs, Baltimore, Md., for plaintiffs.

Stephen H. Sachs and Alan I. Baron, Baltimore, Md., for defendants.

HERBERT F. MURRAY, District Judge.

### MEMORANDUM AND ORDER

This is an action by Maryland plaintiffs against New York defendants under the Securities Act of 1933 and the Securities Exchange Act of 1934. Venue jurisdiction and jurisdiction of the person of defendants is invoked under Section 22(a) of the former Act and Section 27 of the latter Act (15 U.S.C. §§ 77v and 78aa). Service was made on defendants in New York under the built-in extraterritorial service of process provisions contained in Sections 22(a) and 27 and under Rule 4(e) of the Federal Rules of Civil Procedure.

Defendants have moved to dismiss on the grounds (a) that they have not engaged in activities within the district of Maryland which would satisfy the venue requirements of Section 22(a) of the 1933 Act and Section 27 of the 1934 Act, and (b) that due process requires that in order to subject them to the jurisdiction of this Maryland District Court if they are not present within the district, they must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Defendants have also moved to quash service of process because of the alleged lack of personal jurisdiction over the defendants.

Affidavits filed by plaintiffs in support of their complaint and in opposition to the motions filed by defendants state that defendant Gobeloff, acting as an agent or employee of defendant Wilkins-Rose, Inc., on various occasions by telephone calls from New York to plaintiffs in Maryland solicited their purchase of securities in two corporations. As a result of these solicitations, plaintiffs agreed to purchase the securities and received invoices in Maryland from the defendant corporation in New York which were paid by plaintiffs by checks issued in Maryland drawn on a Maryland bank.

Under the 1933 Act, venue can be laid in the district where the "offer or sale took place, if the defendant participated therein" and under the 1934 Act in the district "wherein any act or transaction constituting the violation occurred." Under either Act defendants may be served "in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

When suit is brought under both the 1933 and the 1934 Acts, the weight of authority is that venue may be determined according to the broader provisions of the 1934 Act. *See, e. g.,* Zorn v. Anderson, 263 F.Supp. 745 (S.D.N.Y. 1966); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955); Coburn v. Warner, 110 F.Supp. 512 (E.D.Pa.1946); Loss, Securities Regulation, p. 2009 (2nd Ed., 1961).

At oral argument counsel for defendants vigorously contended that the motions to dismiss should be granted since defendants did not have the minimal contacts with the district of Maryland to satisfy the due process test enunciated in International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945), but conceded that if the contacts were sufficient to meet the due process test then the venue requirements of the 1934 Act would be satisfied. With equal vigor counsel for plaintiffs contended that the contacts were clearly sufficient for venue jurisdiction, and such being the case, the Court need not be concerned with the due process test, since the Act itself authorized extraterritorial service once the venue test was met. However, counsel for plaintiffs also urged that if the "minimal contacts" test of International Shoe Company v. Washington applied, such contacts clearly existed here and jurisdiction must be sustained.

As to venue, it is not necessary that defendants be found to have "transacted business" in this district in order to support venue. Where an offer to sell securities is made by telephone by an offeror in one federal district and accepted by an offeree in another, part of the "act or transaction constituting the violation" occurs in each district, and venue may be laid in either. United States v. Bushwick Mills, 165 F.2d 198 (2nd Cir. 1947); Hooper v. Mountain State Securities Corp., 282 F.2d 195 (5th Cir. 1960). *Compare* Zorn v. Anderson, 263 F.Supp. 745 (S.D.N.Y.1966); Parker v. Baltimore Paint and Chemical Corp., 244 F.Supp. 267 (D.Colo.1965), *and* Connecticut Mutual Life Insurance Co. v. Shields, 131 F.Supp. 363 (S.D.N.Y.1954).

The court is satisfied that when plaintiffs accepted in Maryland by telephone offers from the defendants to sell securities, received invoices in Maryland by mail from defendants in New York, and paid such invoices by mailing in Maryland to defendants in New York checks drawn on Maryland banks, such activities constituted "acts or transactions" in Maryland sufficient to sustain venue in this court. Indeed, counsel for defendants seem to have conceded as much in brief and oral argument. Speaking of the more restrictive venue provision of the 1933 Act requiring the transacting of business, counsel for defendants in their memorandum in support of their motion to dismiss the complaint stated (p. 13):

"The law is clear that 'the concept of "transacting business" under the Acts' venue provisions requires less business activity than that necessary to sustain jurisdiction under a "doing business" or "minimum contact" standard; it is intended to have a more flexible and broader meaning than the jurisdictional predicates. See Uccellini v. Jones, 182 F.Supp. 375 (D.C.1960); United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971 (D. Del.1964).' Zorn v. Anderson, 263 F. Supp. 745, 747 (S.D.N.Y.1966). See also Wright and Miller, 4 Federal Practice and Procedure, Sec. 1063 (1969)."

Venue being properly laid in this district, there remains the question of the propriety of the exercise of personal jurisdiction over the defendants where service of process has been made outside the territorial limits of the forum and

in a district where defendants were "inhabitants" or where they were "found."

■ The starting point for a consideration of this question, as suggested in First Flight Company v. National Carloading Corporation, 209 F.Supp. 730, 736 (E.D.Tenn.1962) is the "fundamental principle of the Anglo-American law of jurisdiction" that "a sovereignty has personal jurisdiction over any defendant within its territorial limits, and that it may exercise that jurisdiction by any of its courts able to obtain service upon the defendant." Thus, as District Judge Frank W. Wilson observed in that case, "this same basic principle has long been applied to the United States itself, so that the United States is deemed to have personal jurisdiction over any defendant within the United States." This being so, when jurisdiction is based on a federal right, Congress can provide for service of process anywhere in the United States. Mississippi Publishing Corporations v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); see also, Wright and Miller, Federal Practice and Procedure, Sec. 1127 at 533 (1969).

In most instances Congress has not extended the jurisdictional reach of the federal courts that far, in order not to unduly inconvenience parties by requiring them to defend federal court suits far from their places of residence or business. Thus by Rule 4(f) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., service is limited to the state in which the trial court is held, except that service may be made beyond the territorial limits of a state "when a statute of the United States so provides * * *."

■ The instances within the last quoted exception have usually involved remedial statutes in which, to give effect to the policy of the statute, Congress has seen fit to provide for nationwide service of process.[1] The Securities Acts are such remedial statutes, and they con-fer personal jurisdiction over defendants served in any federal district in which they are inhabitants or in which they are found.

Defendants maintain that International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 858 (1958), and their progeny, are controlling in this case. In essence what these cases hold is that if a state court is to assert jurisdiction over an *out-of-state* defendant, then such defendant must have sufficient contacts with the forum so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Company v. Washington, supra 326 U.S. at 316, 66 S.Ct. at 158. Although defendants cite many cases supporting the "minimum contacts" theory, the mistake in their approach lies in equating due process requirements as applied to jurisdiction in a state court based on the state's long-arm statute, with jurisdiction in a federal court pursuant to a federal statute which explicitly sets out the extent of venue and jurisdiction the court may exert in a given case. In other words, International Shoe Company v. Washington, *supra,* McGee v. International Life Insurance Company, *supra,* Hanson v. Denckla, *supra,* and the myriad of cases which follow this triumvirate, deal with the power of a *state* court to adjudicate the rights of a defendant who was served out-of-state pursuant to a state long-arm statute. These cases hold that for a state to assert jurisdiction over a non-resident defendant, due process requires that the defendant have certain minimal contacts with the forum so that "traditional notions of fair play and substantial justice" are not offended. *See, e. g.,* International Shoe Company v. Washington, *supra* 326 U.S. at 316, 66 S.Ct. at 158;

---

1. E. g., Title 8 U.S.C.A. Sec. 1451; Title 11 U.S.C.A. Sec. 41, sub. a; Title 15 U.S.C.A. Secs. 5, 10, 25; Title 28 U.S. C.A. Sec. 1655, 2321; Title 38 U.S.C.A. Sec. 784.

Scheidt v. Young, 389 F.2d 58, 59 (3rd Cir. 1968); Morgan v. Heckle, 171 F. Supp. 482 (E.D.Ill.1959).

The instant case, however, in no way deals with the power of a state court to assert jurisdiction over a non-resident defendant. Rather, jurisdiction and venue here are based on and authorized by the clear language of the Securities Act of 1933 and the Securities and Exchange Act of 1934.

The court does not mean to suggest that in appropriate cases under the Securities Acts, due process considerations may not assume some significance. Defendants, for example, cited the decision by Chief Judge Edward S. Northrop of this court in Securities and Exchange Commission v. Myers, 285 F.Supp. 743 (D.Md.1968). In that case an action was brought by the Commission against a Canadian citizen to enjoin him from using the United States mails in connection with his investment advisor business without complying with the registration requirements of the Investment Advisers Act of 1940. Service of process was made on the defendant under Section 214 of the Act (15 U.S.C.A. Sec. 80b–14) and Rule 4(e) of the Federal Rules of Civil Procedure. Defendant contested the personal jurisdiction of the Court by attacking the service of process. Judge Northrop addressed himself to the question of whether under Section 214 the court obtained *in personam* · jurisdiction over the defendant, a non-resident foreigner, by serving him "wherever [he was] found" (in that case, Canada). It was in that context that Judge Northrop found "traditional notions of fair play and substantial justice" to be relevant— *relevant to the issue of the ability of the Congress to constitutionally provide for personal service of process as against a non-resident foreigner.* In *Myers,* as dis-

tinguished from the case at bar, the defendant was not served in the *district* in which he was "an inhabitant"; rather, he was served where he was "found"— outside the territory of the United States. Judge Northrop held that due process requirements were satisfied, but he had to consider their application because of the service being made beyond the territory of the sovereign, the United States.

In Securities and Exchange Commission v. Briggs, 234 F.Supp. 618 (N.D. Ohio 1964) the question of the propriety of exercising personal jurisdiction arose because the defendant, though an American citizen, was a resident of Canada. The Court said:

> "In the instant case it is admitted that the defendant is a citizen of the United States. It is alleged, and supported by affidavit, that the defendant participated in transactions in the United States and in this district. Thus we must conclude that compelling her to defend the suit brought in the United States would not be inconsistent with our 'fundamental concept of ordered liberty.'"

*See also* Securities and Exchange Commission v. VTR, Incorporated, 39 F. R.D. 19, 21 (S.D.N.Y.1966).

■ Absent the fairness considerations inherent in requiring a non-resident foreigner to defend suits in the federal courts of the United States, the weight of authority sustains the *in personam* jurisdiction of the forum district where, venue requirements having been satisfied, service is made in distant districts of which defendants are inhabitants or where they are found.[2] On the authority of these cases, this court holds that it does have *in personam* jurisdiction over the defendants in this case.

---

2. Hooper v. Mountain States Securities Corporation, 282 F.2d 195 (5th Cir. 1960); Puma v. Marriott, 294 F.Supp. 1116 (D.Del.1969); Kane v. Central American Mining & Oil, Inc., 235 F. Supp. 559 (S.D.N.Y.1964); Clapp v. Stearns & Co., 229 F.Supp. 305 (S.D. N.Y.1964); Zachman v. Erwin, 186 F. Supp. 691 (1960); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955); Coburn v. Warner, 110 F.Supp. 850 (S.D. N.Y.1953).

The only Securities Act case not involving a non-resident of the United States which the writer has found in which the applicability of the due process test of International Shoe Company v. Washington was directly raised is one in this District, Dijulio v. Digicon, Inc., 325 F.Supp. 963 (1971). In that case Judge Roszel C. Thomsen held that where an allegedly misleading prospectus was made a part of a registration statement and listed the non-resident defendant as an underwriter and was delivered to purchasers of shares sold in Maryland, the defendant underwriter "participated" in the sales made by a dealer and another underwriter, and maintenance of the suit in Maryland of the purchaser's action under the 1933 and 1934 Acts "does not offend 'traditional notions of fair play and substantial justice,'" citing International Shoe Company v. Washington, *supra*, and Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ The contacts of the defendant in that case with this district were if anything quantitatively and qualitatively less than those of the defendants in the case at bar. As Judge Thomsen noted (p. 964 of 325 F.Supp) :

> "Blair has not been served personally in Maryland, none of its partner-members is a citizen or resident of Maryland, it has no office in Maryland, it does not transact business in Maryland in the ordinary sense of that term, and none of the shares which were allocated to it under the Purchase Contract were sold or offered for sale by it in Maryland."

If the due process tests of International Shoe Company v. Washington are applicable to the case at bar, the writer *a fortiori* would reach the same result as did Judge Thomsen and hold that the maintenance of the suit here against Gobeloff and Wilkins-Rose, Inc. does not offend "traditional notions of fair play and substantial justice."

For the reasons stated, the defendants' Motion to Dismiss Complaint for Lack of Jurisdiction Over The Person, Pursuant to Rule 12(b) (2), the defendants' Motion to Dismiss Complaint for Improper Venue Pursuant to Rule 12(b) (3) and defendants' Motion to Quash Service of Process Pursuant to Rule 12 (b) (5) are all hereby *denied*.