**B & B INVESTMENT CLUB et al.,**
**Plaintiffs,**

v.

**KLEINERT'S, INC., et al., Defendants,**

v.

**Peter H. SPENCER, Third-**
**Party Defendant.**

**Sidney D. CHAIRMAN et al.,**
**Plaintiffs,**

v.

**KLEINERT'S, INC., et al., Defendants.**
**Civ. A. Nos. 73–642, 73–2789.**

United States District Court,
E. D. Pennsylvania,
Civil Division.
March 6, 1975.

Allen D. Black, Harold E. Kohn, Philadelphia, Pa., for plaintiffs in 73–642.

Cletus P. Lyman, Philadelphia, Pa., for plaintiffs in 73–2789.

Franklin Poul, and Judith R. Cohn, Philadelphia, Pa., for defendants, Kleinert's, Inc., Jack Brier, Bernard Borish, John Coppens, Sr., William Gerstley, II, Sol Kittay, Michael Lichtenstein, Sol T. Scheinman & Edward L. Kromer.

Donald A. Scott, Philadelphia, Pa., for A. Anderson & Co.

Edwin P. Rome, Philadelphia, Pa., for Drexel Burnham & Co.

Thomas N. O'Neill, Jr., Philadelphia, Pa., for Paneth Haber & Zimmerman.

Francis P. Devine, III, Philadelphia, Pa., for P. Spencer.

E. F. Waye, Philadelphia, Pa., for Stephens and Brubaker.

## MEMORANDUM AND ORDER

CAHN, District Judge.

Both of these cases involve alleged violations of sections 12(2) and 17(a) of the "Securities Act of 1933," 15 U.S.C. § 77l(2) and § 77q(a); sections 10(b) and 20(a) of the "Securities Exchange Act of 1934", 15 U.S.C. § 78j(b) and § 78t(a); and Rule 10b–5, 17 C.F.R. 240.-10b–5, adopted by the Securities and Exchange Commission under authority of sections 10(b) and 23(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78w(a). The plaintiffs in the B & B Investment Club action [1] charge in two counts that a registration statement and prospectus for a public offering of Kleinert's, Inc., shares made on or about May 17, 1972, were false and misleading and otherwise violated the Securities Act and the Exchange Act. By Order of Clifford Scott Green, J., dated March 1, 1974, the B & B Investment Club action was certified for class action status and thereafter, pursuant to further Court approval, appropriate notice was given to the class.

The Chairman action also involves purchasers of Kleinert's, Inc., shares on or after May 17, 1972. The defendants in both actions include Kleinert's, Inc., its officers and directors, two accounting firms and the underwriter for the public offering. Peter H. Spencer, although neither an officer nor a director of Kleinert's, Inc., is alleged to be a selling shareholder in regard to the May 17, 1972, public offering. He was originally a named defendant in the B & B Investment Club action but was dismissed as a party by the plaintiff before class

1. Civil action 73–642 will be referred to as the B & B Investment Club action, and Civil action 73–2789 will be referred to as the Chairman action. Both actions were consolidated on February 12, 1975.

certification. Spencer is presently a named defendant in the Chairman action. There are three motions before the Court for disposition each involving Spencer.

Arthur Anderson & Co., a defendant in the B & B Investment Club action has moved for leave as third-party plaintiff to serve Peter H. Spencer as third-party defendant. The gist of the third-party complaint against Spencer is that he was primarily responsible for the content of certain financial statements of a subsidiary of Kleinert's, Inc., and that third-party plaintiff relied upon such statements. Third-party plaintiff seeks alternative remedies of indemnification or contribution from Spencer.

█ Spencer contests the motion on the following grounds: that Arthur Anderson & Co. has not pointed to a single specific representation allegedly made by Spencer; that Spencer was not directly involved in the prospectus which is the subject matter of the B & B Investment Club action; and that Arthur Anderson & Co. has no right of indemnity or contribution against Spencer. While I agree with Spencer that the third-party complaint does not particularize the misrepresentations allegedly made by him, I am not convinced that the question of his liability should be disposed of in a summary manner. The proposed third-party complaint is sufficient to put Spencer on notice of the basis of the claim against him and, therefore, it passes muster at this preliminary stage. 2A J. Moore, Federal Practice, § 8.13 at 1695 and 1700 (2nd ed. 1974). Arthur Anderson & Co. should have an opportunity to prove its claim, and if it fails to sustain the burden of proof at trial, appropriate relief is available.

█ The pleadings could be more specific in regard to Spencer's involvement in the prospectus, but for the purposes of disposing of the motion before the Court, it does not appear that Spencer should be removed from the litigation as a matter of law. Fact pleading is not required in the federal courts. A third-party complaint is sufficient if it contains a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Arthur Anderson & Co. has pleaded in its proposed third-party complaint:

"5. Third-party defendant had the primary responsibility for the financial statements of Danoca and represented to third-party plaintiff that the financial data with respect to Danoca included or reflected in the financial statements set forth in the Prospectus were correct in all material respects and were prepared in conformity with acceptable principles of accounting."

The parties can obtain more specific information about Spencer's alleged involvement through the discovery process.

█ Arthur Anderson & Co. is entitled to seek contribution against Spencer. Globus, Inc. v. Law Research Service, Inc., 318 F.Supp. 955 (S.D.N.Y. 1970), aff'd on opinion below, 442 F.2d 1346 (2nd Cir. 1971) Cert. denied sub nom., 404 U.S. 941, 92 S.Ct. 286, 30 L. Ed.2d 254 (1971); deHaas v. Empire Petroleum Company, 286 F.Supp. 809 (D.Colo.1968). In Alexander & Baldwin, Inc. v. Peat, Marwick, M. & Co., 385 F.Supp. 230, 238 (S.D.N.Y.1974) the defendant accounting firm, in seeking contribution, was permitted:

"[T]o implead third-party defendants it claimed gave false information on which the accountants relied in certifying financials."

Although there may be some doubt as to the right of Arthur Anderson & Co. to obtain indemnification from Spencer on the grounds of public policy (Globus v. Law Research Service, Inc., 418 F.2d 1276, 1288 (2nd Cir. 1969)) that question can be deferred until later in the proceedings. Therefore, leave will be given to defendant, Arthur Anderson & Co., as third-party plaintiff to serve Peter H. Spencer a summons and third-party complaint in the form attached to its motion as Exhibit 1.

██ The second motion before the Court is made on behalf of Peter H.

Spencer to vacate Judge Green's Order of April 26, 1974, granting the motion of defendant, Kleinert's, Inc., for leave to serve a third-party complaint against him. Spencer first contends that the joinder was not timely under Rule 14(a) Fed.R.Civ.P. and Local Rule of Civil Procedure 24(a) which requires that a motion for leave to bring in a third-party defendant be made within six months from the date of service of the third-party plaintiff's answer to the complaint.[2] Spencer argues that it is incumbent upon Kleinert's, Inc., to establish that the delay is excusable, that the third-party defendant will not be prejudiced and that trial of the principal action will not be delayed or unduly complicated. Kleinert's, Inc., however, argues that Judge Green's Order of April 26, 1974, in essence disposed of such contentions since similar arguments were submitted to Judge Green by letter from Spencer's counsel. Kleinert's, Inc., also claims that the time limits in regard to third-party practice should not be imposed in this case because the plaintiff unilaterally dismissed Spencer as an original defendant without notice to the other defendants and without Court approval. Whether or not to permit joinder is largely discretionary with the Court.

> "*Pennsylvania Local Rule.*—Local federal court rule requiring motion to implead to be made within six months is only a guide to court's discretion that cannot bind court and will not preclude a later filing." 3 J. Moore, Federal Practice, § 14.18 [2.—1] at 14–412 (2nd ed. 1974).

In balancing these contentions I conclude that Judge Green did, in fact, consider the arguments now raised by Spencer and that the utility of having all aspects of this litigation decided in one proceeding outweigh any possible prejudice to Spencer who would be a third-party defendant in any event concerning the third-party complaint filed by Arthur Anderson & Co.

■ Spencer also argues that defendant, Kleinert's, Inc., has no right of indemnity or contribution against him. As stated above, the concepts set forth in Alexander & Baldwin, Inc. v. Peat, Marwick, M. & Co., *supra,* indicate that a right of contribution or indemnity may exist in Kleinert's, Inc., against Spencer. Finally, Spencer's claim that the pleadings against him lack specificity are not, in the Court's judgment, grounds for summary dismissal of the action against Spencer at this time. This is not, however, to prejudice any rights which Spencer may have at a later date to raise these matters. Therefore, the motion of the third-party defendant, Peter H. Spencer, to vacate the Order of April 26, 1974, is denied.

■ The final motion for disposition is that of Peter H. Spencer to dismiss the complaint as to him in the Chairman action. The Chairman complaint contains three counts. Count one involves claims under Section 12(2) and 17(a) of the Securities Act of 1933. Spencer contends the complaint is defective in that it does not allege a buyer-seller relationship between the plaintiffs and Spencer. Spencer argues such allegations are a prerequisite for relief citing duPont v. Wyly, 61 F.R.D. 615, 626 (D. Del.1973) and Dorfman v. First Boston Corporation, 336 F.Supp. 1089 (E.D.Pa. 1972). Plaintiffs do not allege a buyer-seller relationship involving Spencer and, therefore, the count against Spencer in the Chairman complaint relating to Section 12(2) of the Securities Act must be dismissed. The Chairman plaintiffs point to In re Caesars Palace Securities Litigation, 360 F.Supp. 366 (S.D.N.Y. 1973) as authority for imposing liability under Section 12(2) in the absence of privity where a conspiracy is alleged. However, the complaint does not allege a single detail that would involve Spencer

---

**2.** Spencer did not interpose this argument against the Motion of Arthur Anderson & Co. since respective counsel stipulated to waive this time limit.

in a conspiracy to aid and abet a violation of Section 12(2) nor does it aver that he was in control of any sellers. Consequently, In re Caesars Palace Securities Litigation, *supra,* is not controlling on this point.

 Spencer further maintains that the complaint fails to state a cause of action against him under Section 17(a) of the Securities Act on the grounds that no privity is alleged and there is no private right of action under that section. These problems were considered in Dorfman v. First Boston Corporation, *supra,* and it was there decided that a private right of action did exist under Section 17(a). Furthermore, Chief Judge Lord held in *Dorfman* that a valid claim was stated under Section 17(a)(1) and 17(a)(3) without allegations of privity but that a claim under Section 17(a)(2) was subject to the limitations of Section 12. Although the Chairman plaintiffs do not specify what subsections of 17(a) are encompassed in their claim, they will be permitted to proceed under 17(a)(1) and 17(a)(3) on the basis of their fraud allegations. Therefore, any claim under 17(a)(2) must be dismissed. Furthermore, the question of whether or not the plaintiff's injury flowed directly and proximately from the actions of Spencer should not be determined preliminarily and as a matter of law. Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 410 F.2d 135, 143 (7th Cir. 1969).

 Spencer argues that count two of the Chairman complaint should be dismissed as to him because it fails to state a claim under Section 10(b) of the Securities Exchange Act and Rule 10b–5. Spencer cites Rosenberg v. Globe Aircraft Corp., 80 F.Supp. 123 (E.D.Pa. 1948) for the proposition that the regulations and limitations of Section 12 of the Securities Act must also be applied to Section 10(b) of the Exchange Act and, therefore, additional private civil remedies under Section 10(b) are excluded. In the first place, we have already ruled that the Chairman complaint

states a cause of action against Spencer under 17(a)(1) and 17(a)(3) of the Securities Act. In addition, a number of recent cases have permitted a plaintiff in a securities case to plead for relief in separate counts, one involving Section 12(2) of the Securities Act and the other involving Section 10(b) of the Exchange Act. In this regard Kramer v. Scientific Control Corp., 365 F.Supp. 780 (E.D.Pa.1973) and duPont v. Wyly, *supra,* are examples where separate counts involving Section 12 of the Securities Act and Section 10(b) of the Exchange Act were allowed. This particular argument of Spencer's was rejected in Dauphin Corporation v. Redwall Corporation, 201 F.Supp. 466, 468 (D.Del. 1962) where Judge Steel held:

"The argument that no recovery can be had by a defrauded buyer under Section 10(b) of the 1934 Act and Rule X–10B–5 because of the specific civil remedy accorded to a buyer by Section 12(2) of the 1933 Act was considered and rejected in Ellis v. Carter, 291 F.2d 270, 272–273 (9th Cir. 1961). There the court painstakingly analyzed the argument which is now presented. It recognized that 'inescapable anomalies' exist regardless of whether Section 12(2) of the 1933 Act is construed to place a limitation upon a buyer's right to recover under Rule X–10B–5 or the opposite view is adopted. It concluded, however, that the most desirable result was to permit a buyer to sue under Rule X–10B–5 free of any restriction to be implied from the 1933 Act."

Therefore, the motion to dismiss count two of the Chairman complaint against Spencer is denied.

 Spencer has moved to dismiss count three of the Chairman complaint on two grounds. First, he claims that fraud is insufficiently alleged in violation of Fed.R.Civ.P. 9(b), and, second, that he owed no duty to plaintiffs to make any disclosure. The Chairman complaint incorporates by reference paragraph 36 of the B & B Investment

Club complaint which contains the allegations pertaining to alleged fraud.[3] The allegations are sufficient to put Spencer on notice in regard to the nature of the alleged fraud. Kramer v. Scientific Control Corp., *supra*, 365 F. Supp. page 789. The allegations of fraud are sufficient under the reasoning set forth in duPont v. Wyly, *supra*, 61 F.R.D. at 631, where the court held:

"Were the plaintiff to identify each specific document which contains these misstatements and then delineate the role Arthur Young played in its preparation, this complaint would be far more voluminous than its present thirty pages. Such prolixity is not compelled—indeed is discouraged—by the Federal Rules of Civil Procedure. For the purposes of Rule 9(b), it is sufficient that the plaintiff has identified the categories of documents which allegedly contain misstatements and the nature of the information which he claims these documents either omit or misrepresent. These averments go well beyond the conclusory allegations that Rule 9(b) forbids; further specification of the allegedly wrongful role of Arthur Young is a task that the Federal Rules defer to the discovery stage of litigation."

As can be seen by reference to paragraph 36 of the B & B Investment Club complaint, the averments there are sufficient to enable Spencer to identify the categories of documents which contain the misstatements and the nature of the information which these documents allegedly omit or misrepresent. The test is whether or not the allegations sufficiently apprise the defendants of the basic transactions upon which the claim of fraud is based. This the Chairman complaint does.

■ Spencer's second reason for dismissing count three is that he owes no duty to plaintiffs to make any disclosure. The gravamen of count three is that all or some of the defendants learned in June of 1972 that certain representations were false and misleading and thereafter continued to conceal the true financial picture of Kleinert's, Inc. However, Spencer claims he sold his shares on May 17, 1972, and, therefore, he owed no further duty to make disclosures. The problem with this argument is that the complaint contains, in this respect, allegations of fraud and conspir-

---

3. "36. The fraudulent practices and the devices utilized by the defendants in connection with and in order to effectuate the aforesaid result consisted of, among other things, the following false representations by defendants, knowing them to be false when made, and the following concealments of or failures to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading to plaintiffs and members of the class, all or part of which are contained in, or omitted from, among other documents, the registration statement of Kleinert's and the prospectus which is part of such registration statement, dated May 17, 1972:

"(a) The defendants failed adequately to disclose and falsely represented the financial condition of Kleinert's;

"(b) The defendants failed adequately to disclose and falsely represented material facts concerning problems of inventory and/or production in the Danoca Division of defendant Kleinert's, Inc.;

"(c) The defendants failed adequately to disclose and falsely represented material facts concerning a strike which occurred from May 1971, through December 1971, at the Elba, Alabama plant of defendant, Kleinert's, Inc., and the continuing effects of such strike upon the operations and financial condition of defendant Kleinert's;

"(d) The defendants failed adequately to disclose and falsely represented the results of operations of Kleinert's at least for the following periods:

(1) The year ending October 2, 1971;

(2) The four months ending February 5, 1972;

(3) The six months ending April 1, 1962;

"(e) The defendants failed adequately to disclose and falsely represented the anticipated results of operations for the fiscal year which was to end on approximately October 7, 1972;

"(f) The defendants falsely represented that Kleinert's had not knowingly made any untrue statement of a material fact or omitted to state any material fact required to be stated in the registration statement, including the prospectus, or necessary to make the statements therein not misleading."

acy including active misrepresentation. In any event, in Anderson v. Francis I. duPont and Co., 291 F.Supp. 705 (D. Minn.1968) the court held an aider and abettor could be liable for damages even though his assistance to the scheme consisted of mere silence or inaction. It cannot be said as a matter of law that Spencer was not involved in this later concealment. Therefore, Spencer's motion to dismiss count three of the Chairman complaint as to him is denied.

 Finally, Spencer moves to dismiss for improper venue and lack of jurisdiction over his person. In regard to venue, the opinion of Chief Judge Lord in In re Penn Central Securities Litigation, 338 F.Supp. 438, 440 (E.D.Pa. 1972) is instructive:

"The Securities Exchange Act of 1934 is designed to put an end to interstate frauds in the sale and trading of securities. It would be difficult, if not impossible, to accomplish this purpose if, when a complex scheme is alleged involving defendants from many states, venue for a particular district would have to be established as to each alleged participant in the illegal plan by proving that his illegal acts in furtherance of the fraud were committed in that district. An unnecessary multiplicity of suits and fragmenting of the issues involved would be the result of such a venue requirement. I follow the lead of many other courts in reading 15 U.S.C. § 78aa as providing that venue is proper as to all defendants in any district where it is alleged that any one defendant has committed acts that are violative of the act and in furtherance of the alleged legal scheme."

Since venue in this district is proper under the 1934 Act [4] it is also proper under the 1933 Act. In Stern v. Gobeloff,

332 F.Supp. 909, 911 (D. Maryland 1971) it was held:

"When suit is brought under both the 1933 and the 1934 Acts, the weight of authority is that venue may be determined according to the broader provisions of the 1934 Act. See, e. g., Zorn v. Anderson, 263 F.Supp. 745 (S.D.N.Y.1966); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955); Coburn v. Warner, 110 F.Supp. 512 (E.D.Pa.1946) [sic]; Loss, Securities Regulation, p. 2009 (2nd Ed. 1961)."

 Once venue is established in the Eastern District, there is no question as to jurisdiction over the person of the defendant, Spencer. In any event, the Chairman complaint alleges a conspiracy in violation of the provision of the Securities Act of 1933 and the Exchange Act of 1934 and that acts or transactions constituting the violations took place in this district.

 Both the 1933 Act and the 1934 Act provide for process to be served in any other district where the defendant is an inhabitant or wherever the defendant may be found. Spencer's reliance on the due process requirements of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) is misplaced because that decision involves extraterritorial service in a state court action under a state statute. Here, Congress has the power to provide for service of process to the outer limits of the reach of its legislative power which, of course, is anywhere within the United States or its territories. Kramer v. Scientific Control Corp., *supra*. The motion of Peter H. Spencer in the Chairman action to dismiss for lack of proper venue and lack of in personam jurisdiction is denied.

---

4. It is alleged that the defendant, Kleinert's, Inc., is a Pennsylvania corporation with administrative offices in Kutztown, Pennsyl-

vania. (Paragraph 7 of Chairman complaint incorporating paragraph 11 of the B & B Investment Club complaint.)